ANDREW C. HUDSON v. MISSISSIPPI CENTRAL RAILROAD
COMPANY.

[48 South. 289.]

1. RAILROADS. *Injury resulting from moving cars. Code* 1906, § 1985.
   *Pleadings.*

   Under Code 1906, § 1985, providing that, in actions against a rail-
   road for injuries to employes, proof of injury inflicted by the
   running of the locomotives or cars of the railroad shall be
   *prima facie* evidence of want of reasonable care, a declaration
   in an action by a parent for the death of his son, which alleges
   that the son was an employe of defendant, a railroad company,
   and was killed by the derailment of the train, states a cause of
   action as against a general demurrer.

2. SUPREME COURT PRACTICE. *Declaration. Two counts. One good.*
   *Demurrer to entire declaration.*

   Where the demurrer to a declaration containing two counts was
   improperly sustained as to one count, the court, on appeal from
   the ruling on the demurrer, will not pass on the question pre-
   sented by the other count.

FROM the circuit court of Forest county.

HON. WILLIAM H. COOK, Judge.

Hudson, appellant, was plaintiff in the court below; the rail-
road company, appellee, was defendant there. From a judg-
ment sustaining defendant's demurrer to the entire declaration
and dismissing the suit the plaintiff appealed to the supreme
court. The facts as pleaded sufficiently appear from the opinion
of the court.

*Sullivan & Tally* and *R. N. & H. B. Miller,* for appellant.

The declaration in this cause was drawn under section 193 of
the Constitution of 1890, as construed in *Cheaves v. Southern
R. Co.,* 82 Miss. 48, 33 South. 649, 34 South. 385, and *South-
ern R. Co. v. Cheaves,* 84 Miss. 565, 36 South. 691, and the
demurrer to the declaration was sustained by the court on the au-

thority of *Hyatt v. Southern R. Co.*, 88 Miss. 546, 41 South. 3. It is hoped by this appeal to determine whether *Hyatt v. Southern R. Co.*, above, or *Cheaves v. Southern R. Co.*, above, is the law, as there is manifest conflict in the two cases. The court below in sustaining the demurrer was of the opinion that *Hyatt's case* superseded the *Cheaves case* and must prevail, as it is the latest announcement on the subject.

There are two counts in the declaration, and the second count, which commences on the fourth page of the record, alleges that the deceased was killed by the running train of the defendant. This allegation made a *prima facie* case of negligence against the defendant as provided by Code 1906, § 1985. The second count of the declaration must be looked to alone for the facts charged, as it stands as an independent declaration, just as though there was no other count in the declaration.

*Thomas Brady,* for appellee.

It will be seen from the declaration that the appellant predicates his right to recover solely upon negligence of the engineer in running at a dangerous rate of speed.

Appellant contends that the declaration was drawn under section 193 of the Constitution of 1890, as construed in *Cheaves v. Southern R. Co.*, 82 Miss. 48, 33 South. 649, 34 South. 385. This is contention, purely, for the declaration itself shows that it was drawn in the teeth of the *Hyatt case,* 88 Miss. 565, 41 South. 3, with the evident purpose of having accorded to appellant the privilege of trying to prevail upon this court to overrule the law as announced in the *Hyatt case.*

The engineer in this case was not a superior officer or agent of the appellant's son, having a right to control and direct his services, since the engineer was engaged in routine duties, was the fellow servant of the appellant's son, and on account of his negligence no recovery can be had.

Following this well settled principle of law, this court in the *Hyatt case* held that where a fireman was thrown from his cab and killed by the negligence of an engineer in running his

engine and tender over a rough and bad road bed at an unusual and dangerously high rate of speed, there could be no recovery.

FLETCHER, J., delivered the opinion of the court.

The second count of the declaration is drawn under section 1985 of the Code of 1906, and states a perfectly good cause of action. It states, in effect, that plaintiff's intestate was an employe of the defendant railroad company, and was killed by reason of the train being derailed. It was not necessary to state more than this in order to put the company upon the defensive. The demurrer being a general one, it was manifest error to sustain it in the face of the second count.

We do not deem it necessary to pass upon the question presented by the first count, since it is obvious that the demurrer was improperly sustained.

*Reversed and remanded.*