WILL MOBLEY, BY NEXT FRIEND, v. NEW ORLEANS AND NORTHEASTERN RAILROAD COMPANY.

[56 South. 666.]

MASTER AND SERVANT. *Injuries to servant. Running trains. Declaration.*

A declaration stating that "on or about September 2, 1907, the plaintiff, a minor, was employed by the defendant railroad on its work train operating and working at and around the town of Picayune, in the state of Mississippi; and at night fall on said date the plaintiff was carried by said work train into the town of Picayune, and there injured by the running of said work train," states a good cause of action as against a general demurrer.

APPEAL from the circuit court of Lauderdale county.
HON. JOHN L. BUCKLEY, Judge.
Suit by Will Mobley, a minor, by next friend, against the New Orleans and Northeastern Railroad Company. From a judgment sustaining a demurrer to the declaration, plaintiff appeals.

The first count of the declaration, omitting formal parts, is as follows: "For that heretofore, to wit, on or about September 2, 1907, the plaintiff, a minor, was employed by the defendant railroad on its work train operating and working at and around the town of Picayune, in the state of Mississippi, and at nightfall, on said date the plaintiff was carried by said work train into the town of Picayune, and there injured by the running of said work train. Plaintiff charges that he is only now of the age of ‑‑‑‑‑‑ years, and was at the time of said injury a minor; that he was run over by the train and cars of said defendant company as aforesaid, and his leg crushed and mangled, so as to necessitate amputation; that he suffered excruciating agony and pain by reason of his said injuries, and expended money in and about his recovery. Plaintiff therefore sues, and demands judgment against said defendant for ten thousand dollars and all costs."

*Fewell & Cameron,* for appellant.

In the case of *Hudson* v. *Miss. Central,* 48 So. Rep. 289, 95 Miss. 41, this court said, speaking through Judge Fletcher:

"The second count of the declaration is drawn under section .1985 of the Code of 1906, and states a perfectly good cause of action. It states in effect, that plaintiff's intestate was an employee of the defendant railroad company, and was killed by reason of the train being derailed. It was not necessary to state more than this in order to put the company upon the defensive. The demurrer being a general one, it was manifest error to sustain it in the face of the second count."

In the case at bar the first count is even stronger than the second count of the declaration referred to by Judge Fletcher.

In the Hudson case the plaintiff alleged that the injury was sustained by reason of the derailment of the train.

Nothing is charged in the declaration (so far as the report of that case is concerned) except that the injury was caused by the derailment. As to how the derailment came about the case is silent. Whether from the running of the trains, etc., or from the sinking of the track, or the train being blown or washed off of the track. The statute says, "from the running of the train, etc." In our humble judgment the Hudson case is a much weaker case in its statement than the case at bar. In the case at bar the first count charges that the defendant was a railroad company operating trains from Meridian to New Orleans and that the plaintiff was employed by the defendant on its work train being operated and working in and around the town of Picayune in the state of Mississippi, and at night fall on said date the plaintiff was carried by said work train into the town of Picayune and there injured by the running of said work train. Plaintiff charges that he is now and was at the time of the injury a minor. That he was run over by the train and cars of defendant company as aforesaid and his leg crushed and mangled so as to necessitate amputation, etc.

What more was necessary to charge in order to fasten liability upon the defendant than is said in this court? It stated a perfectly good cause of action.

The statute itself puts the defendant upon the defensive because it fastens upon the defendant the presumption of negligence by proof of injury, etc. Then why should the party injured be required to charge how and through whose negligence and what negligence caused the injury when the statute requires the defendant to show all of these facts (as the court has said time and again clearly and truthfully).

It has never been the law that plaintiff was required to charge in his declaration anything which was unnecessary to prove.

In *Hicks case,* 91 Miss. 361, this court, in speaking of the dangers pointed out by counsel for the railroad com-

pany, in applying the *prima facie* statute to employees, said that it was always within the power of the defendant to show the facts, even by placing the plaintiff upon the stand, etc.

In the *Landrum case*, 89 Miss. 399, the defendant followed the correct course to pursue and filed a motion for a bill of particulars. The plaintiff answered this rule by stating that she did not know the circumstances, etc., and was unable to find out, etc. The court affirmed a large judgment in this case.

The Landrum case, in our judgment, makes it clear that the declaration in the case at bar answered every rule and reason under our statutes.

If the third count of this declaration does not state a good cause of action, we are at a loss to know why.

The truth of the matter is that the trial judge had, just prior to the trial of the present case, been reversed by the court in *Southern Railway* v. *Grace*, 49 So. Rep. 837, in which the court held that the declaration charging negligence under our statutes was not sufficient. The trial court entirely overlooked the holding in that case. That was a suit for an accident occurring in Alabama. Our court held that our statute did not apply, and reversed Judge Buckley for overruling a demurrer interposed by the defendant in that case, solely upon the ground that the Alabama laws applied and not the Mississippi laws. This was, in our judgment, the reason for the judgment entered in the case at bar.

We respectfully submit that the judgment should be reversed and the demurrer directed to be overruled.

*A. S. Bozeman* and *R. H. Thompson,* for appellee.

Appellant relies upon the case of *Hudson* v. *Mississippi, etc., R. Co.,* 95 Miss. 41, to sustain the first count.

Judge Fletcher does say, in delivering the opinion of the court in that case, that a count of the declaration then under consideration stated a perfectly good cause

of action, and stated in effect that the person for whose death the suit was brought was an employee of the defendant railroad company, and was killed by reason of the train being derailed.

There, is however, a substantial difference between an allegation that the proximate cause of the injury was the running of the train and one that the proximate cause of the injury was the derailment of a train.

This court held in the case of *Brown* v. *Yazoo, etc., R. Co.,* 88 Miss. 687, that the doctrine of *res ipsa loquitur* applied to a derailment; that the proof of a derailment showed manifestly that there was some defect in the track or the wheels of the car, at the very time of the accident, so as to put the railroad company to an explanation.

The first count of the declaration in this case simply charges that the plaintiff, appellant, "was run over by the train and cars of the defendant company." There is no charge of negligence or mismanagement of the train by defendant, and the demurrer was properly sustained to said first count because pleadings are construed most strongly against the pleader and a pleading is never aided by presumptions; nor can a pleading be supported by either a common law or statutory rule of evidence.

Code of 1906, section 1985, was never intended to change a rule of pleading. It was intended by the statute that proof of injury resulting from the running of trains should *prima facie* prove the averments of a pleading that the railroad company had been guilty of negligence, not that it should dispense with the averment.

If the case of *Hudson* v. *Mississippi, etc., R. R. Co.,* 95 Miss. 41, appears to be an authority against these propositions, it should to that extent be overruled.

The attention of the court, and of Fletcher, J., who who delivered the opinion in that case, was not called to the question now presented. It is true that the brief of appellant therein invoked a rule of evidence, Code 1906,

section 1985, in aid of a pleading, but it is also true that the appellee's attorney wholly failed to point out to the court the error in which appellant's counsel had fallen. In truth, he seemingly acquiesced in the correctness of the argument, since he in no way sought to protect the court, as he should have done, from the error of his adversary.

This court has said in *Eaves* v. *Harris,* 95 Miss. 607, that, "material allegations in the pleadings are essential to the relevancy of evidence, and to prove without allegation, except where the defect is cured by verdict, is vain and fruitless," and yet the claim is now made, on demurrer to the pleading, that the absence of a material allegation from a declaration is of no consequence because of a rule of evidence.

The case last cited shows that the court did not mean to confuse a rule of pleading with a rule of evidence.

WHITFIELD, C.

The demurrer to the declaration was general. The first count of the declaration states a good cause of action, as held in *Hudson* v. *Mississippi R. R. Co.,* 95 Miss. 41, 48 South. 289.

It follows that the demurrer should have been overruled.                              *Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated, the judgment is reversed, demurrer overruled, and the cause remanded.