SMITH & HAMBRICK *v.* LYDIA FONDA ET AL.

1 WATER-COURSE. *Navigable stream.* *What constitutes.*
A stream is navigable in such sense as to entitle the public to an easement over
its waters if for a considerable period of the year its usual and habitual
condition is such that the public may rely upon it as a safe and convenient
means of transporting over it the logs which are cut from the forest on its
banks, and this condition recurs with the season of our usual rains and con-
tinues through it, even though occasionally interrupted by a decline of its
waters.

2. SAME. *Navigability of.* *Conflict of evidence.* *Peremptory instruction.* *Practice.*
*Case in judgment.*
The question being whether a certain creek was a navigable stream, witnesses
for the plaintiff testified that the depth of the stream in question ordinarily
was only a few inches and totally inadequate for the purpose of floating any-
thing, but for a few hours after a heavy rain it would float a steamboat.
Witnesses for the defendant testified that the stream had a capacity to float
logs for eight or nine months of the year, and was four or five feet deep
when not abnormally full. *Held,* that the evidence being conflicting, it was
for the jury to determine whether the stream was navigable, and it was
error for the court to instruct the jury that the stream was not navigable.

APPEAL from the Circuit Court of Wayne County.

HON. S. H. TERRAL, Judge.

Mrs. Lydia Fonda and her minor children brought this action
of trespass against Smith & Hambrick to recover damages for
injuries inflicted on their premises by defendants floating logs down
a certain creek known as "Red Creek," which flows through their
premises. The defendants pleaded, among other things, that "Red
Creek" was a navigable stream and a public highway, and that
they had a right to float their logs down the stream in the way in

which it was done. On the trial the evidence as to the naviga-
bility of the stream was conflicting, and is sufficiently set out in
the opinion of the court.

The court instructed the jury for the plaintiffs as follows :

"1. The court instructs the jury that the evidence developed in
the cause is not sufficient to prove that Red Creek is a navigable
stream or a public highway, and the court instructs the jury that
Red Creek is not a navigable stream and not a public highway."

The jury found for the plaintiffs, and assessed the damages at
four hundred and ten dollars and forty cents.

The defendants appealed:

*Woods, McIntosh & Williams,* for the appellants.

The question of the navigability of the stream was a mixed
question of law and fact, and should have been submitted to the
jury. And the court erred in giving charge No. 1 for appellees.

A number of witnesses testified that this stream was valuable to
the public for the purpose of floating logs and timbers to the
markets and mills. The test as to the navigability of a stream in
this country is the capacity of the stream. The water that floats
the logs must be the water that naturally goes into the stream and
gives it sufficient volume to carry the logs. If the volume of
water is obtained by dams, holding the water back until sufficient
quantity is obtained, and then suddenly turning the same loose,
this would be an unnatural flow, and the stream could not be called
a navigable stream. This stream was subject to periodical rises,
as much so as the Mississippi can be said to be subject to its periodi-
cal rises.

"If a stream is naturally of sufficient size to float boats or mill-
logs the public have a right to its free use for those two purposes."
Angell on Water-Courses, §§ 535 and 537 ; Angell on Highways,
§ 56; Washburn on Easements, star p. 398 ; Washburn on Ease-
ments, top p. 544 and note.

*Whitaker, Dial & Witherspoon,* for the appellees.

Whether or not a stream is navigable is a difficult question to
determine, and the burden of proving it is on him who asserts it.
The fact that a little stream may at times swell to such proportions

by reason of extraordinary rains as to be rendered capable of float-
ing logs for a short time—a few hours or a few days—does not
make it a navigable stream.   The tests as to the navigability of
streams are as numerous as the cases that have been before the
courts involving the question.   The capacity of a stream for float-
ing in its natural state and its ordinary volume of water is a test
universally recognized and used.   See Washburn's Easements and
Servitudes 530, 542; Gould on Waters 194, 195, 196 ; Angell on
Highways 46 ; *Munson* v. *Hungerford*, 6 Barbour 270; *Morgan*
v. *King*, 35 N. Y. 459 ; *Hubbard* v. *Bell*, 54 Ill. 110.

While there are many tests given by the text-writers and the
courts and variously expressed, we think the foregoing authorities
present the fair and proper tests in considering the testimony bear-
ing upon the character of the stream here in question.   Measuring
the character and floatable capacity of Red Creek by the rules
above expressed, we think that the evidence in this case falls short
of proving it to be a navigable and public stream, especially when
considering that the burden of proving it such is on the appellants.

*E. H. Dial*, of counsel for the appellees, argued the case orally.

COOPER, C. J., delivered the opinion of the court.

By the first instruction for the plaintiff the jury was told that
the testimony was insufficient to establish that Red Creek is a
navigable stream.   Counsel for appellee concede that an instruction
of this character which withdraws from the jury a question of fact
can be supported only in those cases in which a verdict based upon
the evidence withdrawn would not be permitted to stand.   This
we think is the correct test, and under proper circumstances the
practice of giving peremptory instructions is commendable, the
effect being to terminate in one trial an issue which otherwise
might be protracted through several.   But care should be exercised
not to infringe upon the proper function of the jury, as the body
to which it is committed to weigh conflicting evidence and deter-
mine the credibility of witnesses.

We find no fault with the test laid down by counsel for
appellees to determine when a stream is or is not navigable, but

whether Red Creek is a navigable stream is a question not free from doubt under the testimony given by the witnesses in this case. That it is not navigable at certain seasons of the year seems to be conceded by both parties, but that it should be is not necessary to give character to it as a navigable stream. If for a considerable period of the year its usual and habitual condition is such that the public may rely upon it as a safe and convenient means of transporting over it the logs which are cut from the forest on its banks; if this condition recurs with the season of our usual rains and continues through it, even though occasionally interrupted by a decline of its waters, it is a navigable stream. On the other hand, even though at irregular and uncertain intervals throughout the year, regardless of seasons, it is so swollen by rains that it is temporarily. useful for purposes of transportation, it is not a navigable or floatable stream in such sense as to entitle the public to an easement over its waters. Such we understand to be a fair deduction from the approved text-writers and judicial opinion. Gould on Waters 108, 109; Angell on Water-Courses 537.

The witnesses for the plaintiff describe Red Creek as a small stream, its depth ordinarily, even in the rainy season, being inconsiderable and wholly insufficient to be of general public use, but when swollen by heavy rains, whether at one season of the year or another, as being for a few hours or for a few days of sufficient volume to "float a steamboat;" but they concur in the declaration that it rapidly subsides, and that in its natural state it has a depth of only a few inches in its shallow parts, rendering it wholly insufficient for any useful purposes as a highway. But the witnesses for the defendant give a wholly different description of the stream. Mr. Smith, one of the defendants, stated that at the time of the trial (when it is conceded it was not abnormally full) it had a depth of from four to five feet. Mr. Hamrick, the other defendant, testified that for eight or nine months in the year it had a floatable capacity for logs, and though we do not understand this witness as meaning that the stream was continually floatable for that length of time, for he speaks of the showing made by his books that one trip of logs extended over two weeks, the fair construction of

his testimony leads to the conclusion that he intended to convey the idea that for eight or nine months of each year Red Creek could be used for the transportation of logs, even though not swollen by extraordinary rains. In view of the testimony of the defendants and other witnesses introduced by them, we think the question whether Red Creek is or is not a navigable or floatable stream ought to have been submitted to the jury.

*Reversed and remanded.*