NANNIE MERLE HUNT (Claimant) v. BASIL E. KENNEY LUMBER COMPANY (Employer) and CONSOLIDATED UNDERWRITERS, T. H. MASTIN & COMPANY (Carrier).

194 So. 366

Opinion Filed February 20, 1940

*James N. Daniel,* for Appellant;

*Watson & Pasco & Brown,* for Appellees.

TERRELL, C. J.—In April, 1937, while on a journey from Panama City to Pensacola in a motor launch, Alfred Roy Hunt was swept overboard and was drowned near East Pass in Okaloosa County. The claimant who is appellant

here and the widow of Hunt, filed her claim with the Florida Industrial Commission for compensation under Workmen's Compensation Act, Hunt being at the time of his death in the employ of appellee, Basil E. Kenney Lumber Company.

The appellee resisted the claim of appellant on the ground that Hunt came to his death on the navigable waters of the United States and being so, any claim for damages by his widow, must be prosecuted in admiralty because the Florida Industrial Commission is without jurisdiction to hear and determine such claims. A hearing was had at which testimony was taken and the Florida Industrial Commission dismissed the claim for want of jurisdiction. Appeal was taken to the circuit court where the order of the Florida Industrial Commission was affirmed. This appeal was prosecuted from the order of the circuit court.

Two defenses appear to have been urged before the Florida Industrial Commission, viz.: (1) Did the death of Hunt arise out of his employment by Basil E. Kenney Lumber Company, and (2) Had the Florida Industrial Commission jurisdiction to hear and adjudicate the claim. The latter question was the only one considered by the Commission and on that, it found in the negative. According to the view the Commission took, it was not required to decide the first question.

After an examination of the cases relied on by the Florida Industrial Commission and the circuit court, we have reached the conclusion that the question of jurisdiction is the only one necessary to decide here and that appears to be concluded by the following decisions: Northern Coal and Dock Company v. Strand, 278 U. S. 142, 49 Sup. Ct. 88, 73 L. Ed. 232; Minnie v. Port Huron Terminal Company, 295 U. S. 647, 55 Sup. Ct. 884, 79 L. Ed. 1631; Spencer Kellog & Sons v. Hicks, 285 U. S. 502, 52 Sup. Ct. 450, 76 L. Ed. 903; Employers Liability Assurance

Corporation, Ltd., v. Cook, 281 U. S. 233, 50 Sup. Ct. 308, 74 L. Ed. 823.

Other cases might be added to these but they are not necessary. The view of the Federal Supreme Court as gleaned from these cases appears to be that if a tort or injury is suffered by one while engaged in maritime employment, the rights of the parties involved must be determined by maritime law and the fact that the victom was working part of his time on land and the other part on water is not material. He does not have to be engaged generally in maritime work on navigable waters under a maritime contract to bring his claim under maritime law; if he was engaged in maritime labor at the time of the injury that is sufficient.

The record in this case discloses that Hunt was employed as a motor mechanic at the lumber mill of the appellee, a land contract that did not contemplate any maritime service. His employment was covered by the Florida Workmen's Compensation law and contemplated no maritime service. He had, on two or three occasions prior to his death, done some work on the boat by direction of his employer but his compensation was at all times what he was paid as a mill employee; at the time of his death, he was making a trip on the launch from Panama City to Pensacola, a distance of about one hundred miles, for the purpose of making repairs if the launch should become disabled. The launch was not at the time of Hunt's death nor had it ever been engaged in commerce. It was on a casual or special mission in no sense commercial and Hunt's presence on it was a mere incident to his contract of employment at the lumber mill and his compensation was that received as motor mechanic at the mill.

In fine, Hunt's employment was primarily a land contract and was clearly within the Workmen's Compensation Law.

In this situation, it is the view of the writer that the dissenting opinion of Mr. Justice Stone in Northern Coal and Dock Company v. Strand, *supra,* should control but this was rejected by the majority so the rule announced in that and other cases cited is controlling. For this reason, we are impelled to affirm the judgment below.

Affirmed.

BUFORD, and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.