**ANDERSEN v. OLYMPIAN DREDGING CO.**

No. 23655.

District Court, N. D. California, S. D.

Nov. 27, 1944.

William E. Ferriter and James C. Purcell, both of San Francisco, Cal., for plaintiff.

George M. Naus, of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Plaintiff sues under the Jones Act, 46 U.S.C.A. § 688, for damages for injuries received in the course of his employment aboard a barge. The question for decision is as to the jurisdiction of the court and is submitted upon a stipulation of facts.

The barge upon which plaintiff was employed was used strictly as an elbow barge, merely a platform to support the engine and winch which hold in place the pontoon line of pipe used in suction dredging operations. Plaintiff was listed as a mate, and his duties involved rigging the equipment on the barge, watching the pipe line, operating the engine on the barge, and other duties not specified. The dredge with which the barge was connected had no means of self-propulsion, but might be moved for short distances by pulling with cables against a fixed anchorage. When the dredge was towed by tugboat from one place of operation to another, plaintiff worked on the dredge and stood by for any work needed in the course of the towing of the dredge, anchor barge, and other equipment. He worked by the day, and was paid $1.25 an hour for an eight-hour day, for a six-day week. He could quit or be discharged at any time. Plaintiff ate and slept off the barge, except that he brought a lunch to eat during his shift. There are no sleeping quarters or galley on the barge. The dredge has never been operated outside of San Francisco Bay.

Defendant contends that the court lacks jurisdiction over the subject matter, on the ground that plaintiff was not a master or member of a crew at the time of the accident and therefore is not eligible to sue under the Jones Act.

As authority that plaintiff is a "member of a crew" plaintiff relies principally upon Norton v. Warner Co., 321 U.S. 565, 64 S. Ct. 747, wherein it was held that a bargeman, although the barge he tended was without motive power and although he was the sole employee aboard, was a "member of a crew" and excluded from the provisions of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., and therefore entitled to sue under the Jones Act. The facts of the Norton case differ in several material respects from those of the present case. There the plaintiff was employed under a union contract providing for a monthly salary and quarters. He lived, ate and slept on the barge. His duties were essential to the towing of the barge by tug, and hence essential to its navigation. His contract stated that his compensation was "based upon all services and time required to safeguard and operate the barge fleet."

In the present case plaintiff worked by the day, slept and ate on shore, except for the lunch which he brought to work, and his primary duties were to aid in the operation of the pipeline incident to the functioning of the dredge. While he stood by for any work needed during the course of the towing of the dredge, he also worked on the dredge itself, and it cannot be said that he was naturally and primarily on board the vessel to aid in her navigation, the test set forth in South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 548, 84 L.Ed. 732, and restated in the Norton case, supra.

I think the present case falls within the rule of the South Chicago Coal & Dock Co. case. In that case plaintiff was employed on a lighter used for fueling boats. The lighter had no sleeping or eating quarters. Plaintiff's chief task was to facilitate the flow of coal from the lighter to the vessel being fueled. His only duty relating to navigation was to throw the ship's rope in releasing or making her fast. The court discussed the legislative history of the Longshoremen's Act, and pointed out that the bill was at one time amended to include masters and members of a crew. Representatives of the Merchant Marine expressed the desire to stay outside the Act, preferring to rely on their remedy under the Jones Act. Therefore the bill was later amended to exclude "seamen". In its final passage the words "master or member of a crew" were substituted for "seamen". The Supreme Court said, "We think it is clear that Congress in finally adopting the phrase 'a master or member of a crew' in making its exception, intended to leave entitled to compensation all those various sorts of longshoremen and harbor workers who were performing labor on a vessel and to

whom state compensation statutes were inapplicable." The court concluded that workers of that sort on harbor craft whose duties are not primarily in aid of navigation may appropriately be regarded as "in the position of longshoremen or other casual workers on the water."

A rigger on a tug who was paid by the hour and neither ate nor slept aboard was held to be a "harbor worker" in Moore Dry Dock Co. v. Pillsbury, 9 Cir., 100 F.2d 245. A workman employed by the hour and living at home, whose primary duty was to shovel coal from barge to steamer, was held an employee and not a member of a crew in Henderson v. Jones, 5 Cir., 110 F.2d 952. In Beddoo v. Smoot Sand & Gravel Corp., 76 U.S.App.D.C. 39, 128 F.2d 608, an employee on a river dredge whose main duty was to coal up the dredger from a scow was held not to be a member of the crew.

I conclude that this court is without jurisdiction to entertain the action, and it will be dismissed.