CALDWELL, Justice.
This cause is before us on three petitions for writ of certiorari to review an order of the Florida Industrial Commission which reversed the order of the deputy commissioner.
The deputy found claimant suffered an accident while on board a ship, a naval landing craft, which was being converted to a barge and which, at the time, was “afloat on navigable waters.”
Although the identity of the employer was not determined, the carrier for the respondent Southeastern Towing and Transportation Company timely commenced payment of benefits under the Florida act but, after some eighteen (18) months, ceased payment under the Florida act and commenced payment under the Federal Longshoremen’s and Harbor Workers’ Act.[1] Thereafter, claimant filed for benefits under the Florida act and, because there was substantial question as to the identity of the employer, joined several alleged employers and respective carriers. The alleged employers moved to dismiss the claim on the ground that, since the accident occurred on a vessel on navigable waters, the Florida Industrial Commission was without jurisdiction.
The deputy found the unidentified employer was engaged in converting naval landing craft to barges for two purposes and that, at all times material, claimant’s work activities were directed to that end; that, at the time of the accident, the employer had several LST’s floating in a canal where they had been towed by tugs; that, although claimant spent a substantial portion of his working day on land, at the time of the accident he was aboard ship on navigable waters; that this was not a so-called “twilight zone” case. The deputy *201 did not pass upon the merits of the claim hut granted the motion to dismiss, holding the Florida Commission was without jurisdiction. The Full Commission reversed and remanded, holding this was a “twilight zone” case and there was a presumption of coverage.
This court, in 1940, long after the federal courts had evolved the nebulous “maritime but local” and “twilight zone” doctrines, concluded:[2]
“The view of the Federal Supreme Court as gleaned from these cases appears to be that if a tort or injury is suffered by one while engaged in maritime employment, the rights of the parties involved must be determined by maritime law and the fact that the victim was working part of his time on land and the other part on water is not material. He does not have to be engaged generally in maritime work on navigable waters under a maritime contract to bring his claim under maritime law; if he was engaged in maritime labor at the time of the injury that is sufficient.”
The facts in the Hunt case, supra, substantially similar to those under consideration, were that a motor mechanic employee of a lumber mill, compensated as a mill employee, was, as an incident to his contract of employment with the mill, aboard a motor launch on the Gulf for the purpose of making repairs should the launch become disabled. An accident resulted in his death. The widow’s claim for benefits under the Florida act was denied on the theory that where one is injured in the course of work on navigable waters, even though most of his work is on land, the claim for benefits is not within the jurisdiction of this state.
We have examined the authorities [3] and note the confused and complex history of litigation involving claims of this nature. In Southern Pacific Co. v. Jensen,[4] the Supreme Court of the United States held that jurisdiction to award compensation for injuries suffered on navigable waters was exclusively federal, thus excluding many shore-based maritime workers from state compensation statutes. That court later modified the absolute rule of Jensen by fashioning the “maritime but local” doctrine,[5] and, still later, evolved the concept of the “twilight zone” [6] a doctrine which, in cases of uncertain jurisdiction, presumes coverage under whichever act, state or federal, application is made.
In the Hahn case,[7] the federal act was held not to apply if compensation may “validly be provided by State law.” In the Calbeck case the court of appeals [8] set aside an award of federal compensation made on authority of a line of cases holding that state compensation laws could extend to injuries incurred on vessels still under construction but not those under repair. The Supreme Court of the United States[9] reversed and apparently extended *202 the coverage of the federal act, which provides compensation only “if recovery * * may not validly be provided by State law,” [10] to the full scope of federal maritime jurisdiction as originally defined in the Jensen case.[11] As was pointed out by dissenting Justices Harlan and Stewart, the Court simply removed that proviso from the act. The effect of the current Cal-beck rule is unclear in several respects. The fate of the “twilight zone” theory is left in doubt.
In our endeavor to ascertain what the Calbeck decision[12] means we sympathetically note the following language of the Supreme Judicial Court of Massachusetts in Moores’s Case,[13] a decision involving the “twilight zone” question:
“Probably therefore our proper course is not to attempt to reason the matter through and to reconcile previous authorities, or to preserve fine lines of distinction, but rather simply to recognize the futility of attempting to reason logically about ‘illogic’ * *
We gather, however, that the Supreme Court extended the coverage of the federal act to the full scope of federal maritime jurisdiction as originally defined in Jensen.
Accordingly, the order of the Full Commission is quashed and the cause remanded with instructions to reinstate the order of the deputy dismissing the claim.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS and ERVIN, JJ., concur.

. 33 U.S.C.A. §§ 901-950 (1958).

. Hunt v. Basil E. Kenney Lumber Co., 141 Fla. 842, 844, 194 So. 366, 367 (1940).

. Baer, Admiralty Law of the Supreme Court §§ 1-14. -1-18. (1963); 30 NACCA L.L pp. 200-206 (1964); 31 Fordham L.Bev. 398 (1962); 76 Harv.L. Kev. 95 (1962). These treatments of Calbeck demonstrate the unclear state of the law involved. We have used liberally of both rationale and language.

. 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 10SC (1917).

. Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ecl. 210 (1921).

. Davis v. Department of Labor & Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942).

. Halm v. Boss Island Sand & Gravel Co., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 (1958).

. Travelers Ins. Co. v. Calbeck, 293 F. 2d 52 (5th Cir. 1961).

. 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed. 2d 368 (1962).

. 33 U.S.C.A. § 903(a) (1958).

. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917); 76 Harv.L.Rev. 95, 96 (1962).

. Calbeck v. Travelers Ins. Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962).

. Moores’s Case, 323 Mass. 462, SO N.E.2d 478, 481 (1948).