DREW, Justice.
This cause is before us óíi á petition for certiorari to review an order of the full commission reversing an order of the deputy. The pivotal question is the existence vel non of jurisdiction in the Florida Industrial Commission. At the time of his injury on September 8, 1962, the claimant was employed in a dredging operation in which his employer was clearing land and cutting canals for the Cape Coral Land Development Corporation. The canals were begun at the Caloosahatchee River and dead ended in the residential development. The canals were made by means of a dredge fitted with a large suction pump that sucked the soil up, forming a canal. This filled with water upon which the dredge floated. The dredge was mobile only by means of “walking”- — a process involving two spuds at the rear of the dredge. This moves the dredge forward as it “eats” its way across' the land. It is not, however, self-propelled but must be moved from place to place by a tug. The dredge is attended by a fuel barge which has no means of propulsion but is also moved by the tug. There are no sleeping or eating accommodations on either dredge or the tug.
The claimant had begun work as a dump-hand or common laborer, but had acquired the status of tugboat operator at the time of his injury. His duties, however, were varied, and at the time of his injury he was at the bow of the fuel barge, making it fast to the dredge, when a boom fell, pinning him beneath it. He suffered back injuries for which the employer paid compensation under the Florida Workmen’s Compensation Act through August 16, 1964 at which time the employer decided that *266 the matter was maritime and covered only by the Jones Act, 46 U.S.C.A. § 688, and stopped payment.
,. The deputy found that claimant’s employment was entirely local in character, that the claimant was not a seaman within the terms of the Jones Act and therefore the Industrial Commission had jurisdiction. The deputy then held that the claimant had not yet reached maximum medical improvement and awarded medical benefits and attorney’s fees.
¿.The employer filed an application for review with a deputy commissioner other than the hearing deputy and the claimant filed a motion to dismiss the appeal for ' alleged failure to follow the proper procedure. The full commission denied the claimant’s motion; we find no error in this denial.
The full commission reversed the deputy’s order in reliance on Atlas Iron and Metal Co. v. Hesser.[1]
In Atlas Iron and Metal Co. we held that the injuries involved, occurring on navigable water, were within the scope of federal maritime jurisdiction, basing our opinion on the exigencies of Calbeck v. Travelers •; Insurance Co.[2] Both Atlas Iron and Metal Co. and Calbeck dealt with the problem of ' whether a state workmen’s compensation . act or the Federal Longshoremen’s and . Harbor Workers’ Act[3] was controlling. Here the dispute concerns the problem of the applicability of the Florida Workmen’s . Compensation Law or the Jones Act.[4] There are many differences between the Jones Act and the Longshoremen’s Act, the chief of them being that the former necessitates proof of negligence for recovery, . while the latter is a compassionate statute from which much of our Workmen’s Compensation Act was drawn. The jurisdictional aspects of the two federal acts also differ; therefore Atlas Iron and Metal Co. cannot be decisive in the case sub judice.
We turn, then, to jurisdiction under the Jones Act. The Act provides that “any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law.”
The meaning of “seaman” under the Jones Act has been made explicit by Mc-Kie v. Diamond Marine Co.: [5]
“The Jones Act concept of ‘seaman’ since the passage of the Longshoremen’s and Harbor Workers’ Compensation Act, has been narrowed to the point where it includes only one who is a member of the crew of a vessel plying in navigable waters. * * * The essential and decisive elements of the definition of a ‘member of a crew’ are that the ship be in navigation; that there is a more or less permanent connection with the ship; and that the worker be aboard primarily to aid in navigation.”
Here the “ship” was a dredge engaged in cutting a canal overland from the Caloosah-atchee through a residential development; the claimant slept and took his meals on shore and was paid on an hourly basis for sixty hours of work per week. Each of these separate elements has been held to preclude federal jurisdiction under the Jones Act. In United Dredging Co v. Lind-berg[6] it was held that “While there was deep water around the dredge, and the channel she was digging was intended to be navigated when finished, she was in fact. *267 merely eating her way over land * * * to create a navigable channel”, she was not under exclusively federal jurisdiction and the claimant’s remedy was under the state workmen’s compensation act.
See also, in accord, Covington v. Standard Dredging Co.[7] and Frazie v. Orleans Dredging Co.[8]
It has been held that, while not absolutely conclusive, the fact that a claimant is paid an hourly wage for a stated number of hours or that he sleeps and eats on shore rather than on ship, is indicative that he is not “a member of a crew” with a more or less permanent connection with the vessel. Anderson v. Olympian Dredging Co.;[9] McKie v. Diamond Marine Co., supra.
On the facts as adduced before the deputy, we see nothing to confer federal jurisdiction or preclude a finding of jurisdiction in the Florida Industrial Commission. The deputy specifically found “that the Calo-osahatchee River is a navigable stream maintained by the United States Government, as to bring it within the jurisdiction of same, but the point where this injury occurred was beyond the shoreline, in a canal over which the United States had no jurisdiction.” We think that such finding by the deputy commissioner is amply supported by the record and that the decision reached by the deputy that the Florida Industrial Commission had jurisdiction of this claim is correct.
The questioned order of the full commission is quashed with directions to reinstate the order of the deputy.
THORNAL, C. J., ERVIN, J., and DURDEN, Circuit Judge, concur.
CALDWELL, J., dissents.

. Fla.1965, 177 So.2d 199.

. 1962, 370 U.S. 114, 82 S.Ct. 1196, 8 L.Bd.2d 368.

. 33 U.S.C.A. § 901 et seq.

. 46 U.S.C.A. § 688.

. 5th Cir. 1953, 204 F.2d 132.

. 5th Cir. 1927, 18 E\2a 453.

. Ma.1952, 61 So.2d 644.

. 1938, 182 Miss. 193, 180 go. 816.

. 1944, D.C., 57 F.Supp. 827.