## McCABE v. BALL BUILDERS, Inc., et al.
No. 1107.
Circuit Court, Flagler County.
January 16, 1973.

Matthew James McCabe, plaintiff, pro se.

George D. Gabel, Jr. of Toole, Taylor, Moseley, Gabel & Milton, Jacksonville, for Ball Builders, Inc., defendant and third party plaintiff.

James M. McLean of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for the defendant Emmco Insurance Co.

John W. Ball and C. Wayne Alford of Ulmer, Murchison, Ashby & Ball, Jacksonville, for Harlan Incorporated of Florida, third party defendant.

HOWELL W. MELTON, Circuit Judge.

*Final summary judgment for defendants:* This cause was heard on defendant's motions for summary judgment. The court finds —

1. On June 25, 1970, the defendant, Ball Builders, Inc. was engaged in a dredging operation immediately west of the intracoastal waterway in Flagler County. The purpose of the operation was to cut an overland canal into the Palm Coast residential community from the waterway.

2. In the performance of that operation, the defendant, Ball Builders, Inc., utilized a floating dredge, *Miriam,* and its attendant equipment, part of which consisted of a workboat. The dredge was not self propelled, using the "speed walking process" when in operation and, consequently, the workboat was used to move the dredge from place to place.

3. Plaintiff was employed by defendant, Ball Builders, Inc. and paid an hourly wage as the operator of the workboat. He slept and took his meals ashore.

4. The *Miriam* was situated some 1,000 feet west of the intracoastal waterway and was forming a canal to the rear of the dredge. A discharge line from the Miriam ran across and under the intracoastal waterway to a booster dredge which was moored to the eastern bank of the waterway. This dredge pumped the dredged material along the discharge line to a deposit area.

5. On the above date plaintiff was seriously injured when his left hand was caught in a generator fan aboard the booster dredge. The injury occurred while the plaintiff was acting within the scope of his employment by defendant, Ball Builders, Inc.

6. For some period following the injury, plaintiff received substantial compensation from the Travelers Insurance Company, the carrier of the defendant, Ball Builders, Inc.

7. Plaintiff and the defendant, Ball Builders, Inc. claim that the defendant, Emmco Insurance Company, was a liability carrier for Ball Builders at the time of the injury and, as such, had insurance coverage for the Jones Act and general maritime claims set forth in the second amended complaint.

The plaintiff was not a "seaman" within general maritime law and the Jones Act and the plaintiff's remedy for the injury referred to herein must come under the state Workmen's Compensation Act. Sikes v. Fort Myers Construction Company (Fla. 1966) 191 So.2d 265. See also Potashnick-Badgett Dredging, Inc. v. Whitfield (D.C.A.4), 269 So.2d 36.

The pleadings and the deposition on file show that there is no issue as to any material fact and that the defendants, Ball Builders, Inc. and Emmco Insurance Company are entitled to a judgment as a matter of law.

Therefore it is ordered and adjudged — (1) That the motions for summary judgment be and the same are hereby granted. (2) That plaintiff, Matthew James McCabe, take nothing by this action and that the defendants, Ball Builders, Inc. and Emmco Insurance Company recover their taxable costs from plaintiff in the sum of $104.90, for which let execution issue.