### McCABE v. BALL BUILDERS, Inc., et al (No. 2).
No. 1107.

Circuit Court, Flagler County.

August 2, 1973.

George D. Gabel, Jr. of Toole, Taylor, Moseley, Gabel & Milton, Jacksonville, for the defendant Ball Builders, Inc.

James M. McLean of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for the defendant Emmco Insurance Co.

C. Wayne Alford of Ulmer, Murchison, Ashby & Ball, Jacksonville, for Harlan Incorporated of Florida, third party defendant.

HOWELL W. MELTON, Circuit Judge.

*Order granting summary judgment on crossclaim:* This cause was heard on the motion for summary judgment on the crossclaim of Ball Builders, Inc., ("Ball") against Emmco Insurance Company ("Emmco"). The court finds —

On February 26, 1970 in Duval County, the defendant Emmco, through its policy no. EML 3116, insured crossclaimant Ball for one year for the protection and indemnity (P&I) risks of Ball "in respect of the vessel called the dredge *Miriam* and its attendant plant including one rowboat and two workboats."

Crossclaimant Ball was engaged in a dredging operation at the Palm Coast Development in Flagler County. In the performance of that operation, Ball used a floating dredge, *Miriam,* a booster dredge sometimes referred to as the *Swamp Fox,* one rowboat and two workboats.

On June 25, 1970, plaintiff, an employee of crossclaimant Ball, was seriously injured when his hand was caught in a generator fan aboard the booster dredge.

Defendant Emmco refused to defend the plaintiff's original claim against its insured, Ball.

On January 16, 1973 this court granted summary final judgment in favor of defendants Ball and Emmco and against the plaintiff, holding that the plaintiff was not a "seaman" within the general maritime law and the Jones Act and that the plaintiff's remedy for the injury must come under the State Workmen's Compensation Act. See 38 Fla. Supp. 207.

The insurance policy in question covers the "dredge *Miriam and its attendant plant,* including one rowboat and two workboats" (emphasis supplied). The operation consisted of the dredge *Miriam,* the booster dredge, one rowboat and two workboats. The evidence is undisputed that the dredge *Miriam* was not capable by itself of productively cutting and depositing the material being dredged and that the booster was an integral part of the operation. The phrase "and its attendant plant" appears to clearly refer to the booster dredge. That interpretation becomes even more logical in view of the fact that the world "including" in the policy is to be construed as a word of enlargement and not limitation. Jacksonville Terminal Co. v. Blanchard, 82 So. 300 (Fla., 1919); Argosy Limited v. Henningan, 404 F.2d 14 (5th Cir., 1968). In the event that an additional interpretation can be made concernig the term "atten-

dant plant", the court is still required to give the interpretation which provides the greater indemnity and to construe doubtful or ambiguous language against the party who drew the contract. New York Life Insurance Co. v. Kincaid, 186 So. 675 (Fla., 1939).

Defendant Emmco has presented an affidavit to the court, attempting to introduce parol evidence to the effect that Emmco had no record of the involvement of the booster dredge with the dredge Miriam and that an increase in premium would have been assessed if such knowledge had been available. Parol evidence is admissible for the purposes of explaining an ambiguous term in a contract for insurance. English and American Insurance Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla., 1969). The court is of the opinion that the language of the policy is not ambiguous. Even if the language were ambiguous, the parol evidence is undisputed that Emmco's agent was actually placed on notice at least as early as April 1970 by Ball that the *Swamp Fox* was going to be placed in operation as a booster for the *Miriam,* and the affidavit of Emmco to the effect that it never received any communication from its agent concerning the *Swamp Fox* is irrelevant.

The plaintiff's original claim was covered by the contract of insurance between Ball and Emmco, and Emmco's refusal to defend the litigation on behalf of Ball was unjustified.

The pleadings and the depositions on file show that there is no issue as to any material fact and that the crossclaimant, Ball Builders, Inc., is entitled to a judgment as a matter of law.

Counsel for Ball and Emmco have agreed that a reasonable attorneys' fee, including expenses, for the defense of the plaintiff's original claim, incurred by Ball, is $2,228.38. The parties have also agreed that a reasonable attorneys' fee for the prosecution by Ball of its claim should be determined by the court on the basis of affidavits submitted by the parties.

Therefore, it is ordered and adjudged that —

(1) The motion for summary judgment be and the same is hereby granted.

(2) Crossclaimant, Ball Builders, Inc., shall recover from the defendant Emmco Insurance Company its attorneys' fees and expenses in the amount of $2,228.38 for the defense of the litigation on the plaintiff's original claim, plus reasonable attorneys' fees for the prosecution of its claim against Emmco to be set by the court on the basis of affidavits submitted by the parties.

(3) Counsel for Ball and Emmco shall each submit to the court, on or before August 15, 1973, not more than two affidavits for setting the balance of the attorneys' fees.