## CLARK v. GULF, M. & N. R. CO.

Division B., July 2, 1923.

[97 South. 185. No. 23275.]

1. MASTER AND SERVANT. *Declaration averring injuries in wreck of gasoline car on railroad held sufficient under statute.*

A declaration which avers that the plaintiff sustained injuries in the wreck of a gasoline car which was being operated on the track of a railroad company, a common carrier, states a cause of action under section 1985, Code 1906; section 1645, Hemingway's·Code.

2. MASTER AND SERVANT. *Declaration held not to state cause of action under common law or federal act.*

A declaration of this kind does not state a cause of action under the common law or under the federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665).

3. LIMITATIONS OF ACTIONS. *Second count to original declaration stating new cause of action filed after two-year statute of limitations under Federal Employers' Liability Act held barred.*

Where the original declaration avers no facts of negligence but is drawn under section 1985, Code 1906 (section 1645, Heming-

way's Code), and where a second count is filed after the expiration of the two-year statute of limitations provided in the Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665), which second count is based upon this act and avers facts of negligence on the part of the master, then the second count states a new cause of action, and the plea of the statute of limitations thereto is good.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by Rufus E. Clark against the Gulf, Mobile & Northern Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

*Rawls & Hathorn,* for appellant.

The reversal or affirmance of this case must in the final analysis, rest on whether or not the second count of the declaration states a *new* and *different* cause of action from that stated in the first count.

The original declaration was drawn with the idea that the case would be tried under the state laws instead of the Liability Act, and the only negligence charged was that created by the Mississippi *"prima facie"* statute, Hemingway's Code, section 1645. In other words the declaration charged negligence by the lack or "want of reason-able skill and care" on the part of appellee, but it did not set out in detail nor did it attempt so to do, the specific acts of negligence. We charged the injury was inflicted by the running of the motor car, and the law says that if this is charged or proven, that it charges and establishes "want of reasonable skill and care." When this matter was argued and decided by the lower court, the case there cited by appellee and stressed by it, and the one which the trial court stated pursuaded it that the law was with the appellee, was the case of *The Union Pacific Railroad Co.* v. *Wyler,* 39 Law Ed. 983.

On the theory announced by Chief Justice WHITE that it was a departure from law to law, it was held in that

case that the running of the statute of limitations as to the second petition was not stopped by the filing of the first.

We do not think the Wyler case applicable to the case at bar at all. Certain it is that the bringing of one count under the state law, and another under the Federal law, is not a departure from *law* to *law,* as held by the courts of Mississippi, as well as that of the great majority of other states and by inference, at least, if not by direct holding by the supreme court of the United States. *Broom* v. *Southern Railroad Company,* 115 Miss. 493, 76 So. 525; *M. K. & T. R. R.* v. *Wulf,* 57 L. Ed. 355, Ann. Cas. 1914 B. 134; *Curtice* v. *Chicago & N. W. R. Co.,* L. R. A. 1916-D, 316; *Kinney* v. *Hudson River Company,* 162 N. Y. Supp. 42; *Koennecke* v. *Seaboard Air Line R. Co.,* 85 S. E. 374 (S. C.), 60 L. Ed. 324; *Louis* v. *I. C. R. R. Co.* (La.), 72 So. 788; *Nashville C. & St. L. R.* v. *Anderson,* L. R. A. 1918-C, 1115, Ann. Cas. 1917-D, 902; *Cincinnati, etc., R. Co.* v. *Goode,* 173 S. W. 329; *Smith* v. *A. C. L. R. Co.,* 210 Fed. 761; *Wilson* v. *Denver & R. G. R. Co.* (Col.), 187 Pac. 1027; *Gainesville Midland R. Co.* v. *Vandiver,* 80 S. E. 997; *Bashom* v. *Chicago G. W. & R. Co.* (Iowa), 157 N. W. 192; *Jorgenson* v. *Grand Rapids & I. R. Co.* (Mich.), 155 N. W. 535; Thornton's Federal Employers Liability Act (3 Ed.), page 307, par. 205.

We shall next address outselves to the question of whether or not the specific acts of negligence charged in the second count are a departure from fact to fact, or to state it as practically all the courts express it: The statement of a new and different cause of action from that stated in the first count. If the identical acts of negligence charged in the second count had been charged in the first, we take it our inquiry would be at an end, and counsel for appellee would admit that it was *not* a new cause of action insofar as the acts of negligence charged are concerned. However, the first count does not charge any specific act of negligence but charges negligence only in general terms. That is to say it charges in legal ef-

fect, that appellant was injured by appellee's negligence in the operation of its motor car, but it does not charge in what this negligence consists.

Proof of injury under the *prima-facie* statute is in law proof that appellee was negligent.

It is claimed that the *prima-facie* statute puts the burden of proof on the defendant. We think this is an erroneous statement, though it is true that the *effect* of the . statute is to burden defendant with the necessity of proving itself *free* from negligence. *A. & V. R. R. Co.* v. *Thornhill,* 106 Miss. 409. See 6 Words and Phrases (1st Series), 5549; *Coffin* v. *U. S.,* 39 L. Ed. 481; 3 Words and Phrases (2nd Seres), 1175-1176.

Addressing ourselves now to the question of what constitutes a *new* or *different* cause of action, we want to study for a moment the definition or meaning of the term, "cause of action." 2 Words and Phrases (First Series), 1015, et seq; *Emory* v. *Hazard Powder Co.,* 22 S. C. 476, 481, 53 Am. Rep. 730; *Matz* v. *Chicago & A. R. Co.* (U. S.), 85 Fed. 180, 187; *Durham* v. *Spence,* L. R. 6 Ex. Cas. 46; *Hibernia Nat. Bank* v. *Lacombe,* 84 N. Y. 367, 384, 38 Am. Rep. 518; 1 Words and Phrases (Second Series), 600; *Excelsior Clay Works* v. *De Camp,* 80 N. E. 981, 982, 40 Ind. App. 26 (Citing Bouv. Dist., Bliss, Code Pl., sec. 113); *Doyle* v. *Southern Pac. Co.,* 108 Pac. 201, 211, 56 Or. 495; *Ft. Wayne Iron and Steel Co.* v. *Parsell,* 94 N. E. 770, 776, 49 Ind. App. 565; Pom. Code Proc. (4 Ed.), 459, sec. 346 et seq; *Dillon* v. *Great Northern R. R. Co..* 100 Pac. 960, 963, 38 Mont. 485; *Cohen* v. *Clark,* 119 Pac. 775, 777, 44 Mont. 151; *Anderson* v. *Wetter,* 69 Atl. 105, 109, 103 Me. 257, 15 L. R. A. (N. S.) 1003; 1 Corpus Juris, 936, 937; Thorntons Federal Employers Liability Act (3d Ed.), p. 307, 17 R. C. L. 814-815, 818-820; *L. & N. R. R. Co.* v. *Stewart* (Ky.), 161 S. W. 557.

*Alabama Consolidated Coal and Iron Co.* v. *Heald,* 45 So. 687, has an exhaustive analysis of the question now being considered. See also *Missouri Pacific Ry. Co.* v. *Moffott* (Kan.), 72 A. S. R. 344; *Hogenauer* v. *Detroit*

*Copper Mining Co.* (Ariz.), 124 Pac. 803, Ann. Cas. 1914-C, 1016; *Alabama R. R. Co.* v. *Thomas,* 18 A. S. R. 124; *North Chicago Street R. R. Co.* v. *Aufman,* 112 A. S. R. 207 (Ill.).

In *Chobanian* v. *Washburn Wire Co.,* reported in Ann Cas. 1913-D, 730 (Rhode Island), the rule is declared to be: "The allowance of an amendment to a' declaration, setting forth an additional ground of negligence as the cause of the same injury does not amount to the statement of a new cause of action, and the statute of limitations is stopped on the filing of the original complaint."

In support of this general rule there will be found on pages 743 and 744 of Ann. Cas. 1913-D illustrations where the rule has been applied. *N. O. & N. E. R. R. Co.* v. *Harris,* 62 L. Ed. 1167, was reversed and remanded not on the pleadings, but on two erroneous instructions. Under our procedure an action is begun when the declaration is filed. Hemingway's Code, Sec. 511.

Both our statutes on amendments, Hemingway's Code, section 558, and the trend of the jurisprudence of today is to be extremely liberal in the matter of amendments to pleadings, to the sole end that the "merits of the controversy between the parties may be brought fairly to trial." See Roberts Federal Employers' Liability, page 1689.

*Ellis B. Cooper,* for appellee.

The principal contention of counsel is that the filing of the second count relates back to the filing of the suit and for that reason the plea in the instant case of limitation is not good.

We desire to emphasize the fact that the original suit did not state a cause of action arising from the common law. Appellant does not contend that. The first count of the declaration which was filed within the two years states a cause of action simply because of a statute of the state of Mississippi. Had that statute not been enacted

no such count would have been drawn. Had that statute
not been enacted the appellant could not have travelled
at all in the courts of Mississippi. His suit, therefore,
must have been one arising because of and by reason of a
statute of Mississippi. His first count had no force ex-
cept that force which our *prima facie* statute imparted
to it.

Why the necessity of an amendment? Simply because
the supreme court of the United States had said on several
occasions that our *prima facie* statute does not apply to
actions arising under the Federal act. If it does not apply
in the making out of a case under the Act of Congress,
it certainly cannot be said to make out a case in the dec-
laration.

It follows, therefore, that the first count states no cause
of action at common law, but states a cause of action only
by reason of a statute enacted by the legislative depart-
ment of the state of Mississippi. *Missouri, Kansas &
Texas R. R. Co.* v. *Wulf,* 226 U. S. 570, 57 L. Ed. 355.

In the second count the charge is a wobbly wheel. In
the first count it may have been one of a hundred things.
In other words, the two counts proceed from entirely dif-
ferent sources though for the same injury. If appellant
was engaged in interstate commerce, the first count states
no cause of action against him. We respectfully submit
that the difference in the two counts is substantial and
that accepting this as one of the principles deducible from
the Wulf case, there is no analogy that would permit the
application of the doctrine that the amendment related
back. See also *Union Pacific R. R. Co.* v. *Wyler,* 39 L.
Ed. 983, 158 U. S. 285; *Cox* v. *American Co.,* 40 So. 739;
*Broom* v. *Southern Railway Company,* 76 So. 525 (dis-
tinguished); *Seaboard Air Line Co.* v. *Renn,* 60 L. Ed.
1006, 241 U. S. 290.

*The original complaint stated no cause of action at
common law for at common law the act or acts of negli-
gence causing the injury must be alleged. It stated no
cause of action under the act of Congress for under that*

*act negligence must be alleged and on the trial proven.* See *San Antonio R. Co.* v. *Wagner,* 241 U. S. 476, 60 L. Ed. 1110; *Southern Ry. Co.* v. *Gray,* 241 U. S. 333, 60 L. Ed. 1030; *Illinois Central R. R. Co.* v. *Skaggs,* 240 U. S. 66, 60 L. Ed. 528. *The original complaint stated a cause of action good only under the laws of Mississippi and no other law,* so far as is known, administered by the English-speaking courts.

What cause of action in the instant case was already asserted at the time the amendment was allowed over the objection of the appellee?

It was a cause of action asserted under a statute which the supreme court of the United States and this court have said has no application to a suit cognizable under the Federal Employer's Liability Act. *N. O. & N. E.* v. *Scarlet,* 249 U. S. 528, 63 L. Ed. 752; *N. O. & N. E.* v. *Harris,* 247 U. S. 367, 62 L. Ed. 1167. It was a cause of action peculiar to the laws of the state of Mississippi. *United States* v. *Dalcourt,* 203 U. S. 408, 51 L. Ed. 248.

A very interesting opinion on the question of departures or expansion is found in the case of *Galesburg Electric Co.* v. *Hart,* 211 Fed. 7. See also *Walker* v. *Iowa Central Ry. Co.,* 241 Fed. 395; *Carpenter* v. *Central of Vermont R. R. Co.,* 107 Atl. 569; *Giersch* v. *Atchison R. Co.,* 171 Pac. 591, a case decided by the supreme court of Kansas; *B. & O. R. R. Co.* v. *Branan,* 131 Md. 686, 104 Atl. 356; *Hall* v. *L. & N. R. R. Co.,* 157 Fed. 464, 174 Fed. 1021; *Ft. Worth Ry. Co.* v. *Bird,* 196 S. W. 597.

In *Whalen* v. *Gordon,* 95 Fed. 305, a leading case on this subject, the circuit court of appeals lays down three tests to determine the cause when identity of causes of action are involved. They are: "Will the same evidence support both? Will the same measure of damages govern both? And will a judgment against one be a bar to another?" 157 Fed. 464, at page 467.

We have the situation of an amendment of a declaration which states no case at all. 21 Ruling Case Law, 586; *Carlin* v. *Chicago,* 262 Ill. 546, 104 N. E. 905; *Irvine*

v. *Barrett,* 119 Va. 587, 89 S. E. 904, 25 Cyc. 1309; *Railroad Company* v. *Bagley,* 65 Kan. 188, 69 Pac. 189.

So we submit that there is nothing in the contentions of the appellant which tend to show that there is not a departure from law to law and from fact to fact; that it appears indisputably that appellant is shifting from the law of Mississippi to an Act of Congress; that appellant has not amended his original complaint but allows it to remain available to him and adds another arising from a different law.

Argued orally by *C. V. Hathorn* for appellant and *Ellis B. Cooper* for appellee.

SYKES, P. J., delivered the opinion of the court.

Rufus E. Clark, the appellant (plaintiff), filed his declaration in the circuit court for damages for personal injuries sustained by him while in the employ of the appellee (defendant) railroad company. The declaration in effect alleged that the defendant was a common carrier for hire operating a railroad, the engines and locomotives of which were propelled by steam; that defendant operated a line of railroad running through parts of Alabama and Mississippi; that it operated a motor car which was propelled by gasoline; that this motor car was used for the purpose of carrying the section foreman and section hands from place to place on the line of railroad so that they might perform their duties; that on the 21st day of July, 1920, plaintiff was in the employ of the railroad as a section hand; that while in the furtherance of this employment he was riding on the motor car when the car suddenly left or was thrown off the track and was wrecked; and that the plaintiff sustained certain injuries because of this wreck.

To this declaration a plea of the general issue was filed, and notice was given thereunder by the defendant that it would show that at the time of the injury plaintiff was engaged in interstate commerce, and consequently his cause

of action, if any, arose under the federal Employers' Liability Act (U. S. Comp. St. sections 8657-8665), and not under the laws of the state of Mississippi.

Over two years after the injury sustained by the plaintiff, when an action therefor had become barred by the two-year statute of limitation prescribed in the federal Employers' Liability Act, the plaintiff by leave of court filed a second count to his declaration in which he alleged in short that he was engaged in interstate commerce at the time he was injured, thereby bringing his case under the federal Employers' Liabiliay Act, and that his injury was caused by the negligence of the master in furnishing an unsafe car upon which to ride; the defect being in one of the wheels of the motor car. To this second count of the declaration the defendant, among other pleas, filed one setting up the two-year statute of limitations. A replication was filed by the plaintiff to this plea in which he alleged that since his declaration was filed before the two years had expired, his cause of action was not barred by the statute, that the second count sets up no new cause of action, but is in reality the same cause of action averred in the first count. To this replication a demurrer was sustained by the court. The plaintiff declined to plead further, and both plaintiff and defendant agreed that the cause of action came under the federal Employers' Liability Act. Whereupon the court rendered a final judgment in favor of the defendant. From which judgment this appeal is prosecuted.

The question presented by this appeal is a very narrow one and purely a question of federal law to be determined from a consideration of the decisions of the supreme court of the United States applicable to this question.

It is the contention of the appellee that the original declaration was based purely upon a Mississippi statute. viz. section 1985, Code of 1906 (Hemingway's Code, section 1645), which in short in actions of this character makes proof of injury inflicted by the running of cars, etc., *prima-facie* evidence of want of reasonable skill and

care; that the original declaration sets out no facts of negligence upon the part of the defendant or any of its employees, neither does it in general terms state that the negligence of the defendant was the cause of the injury of plaintiff; that this declaration states no cause of action under the common law or the federal Employers' Liability Act, but only under the Mississippi law and that simply and purely because of this statute.

In the case of *Hudson* v. *Railroad,* 95 Miss. 41, 48 So. 289, this court there held that a declaration drawn as the original declaration is here drawn was drawn under this section of the Code and stated a good cause of action by virtue of this statute. Under this statute alone was the cause of action stated in the original declaration. No facts of negligence of any kind are therein stated, but it is only good because by virtue of this section presumptions are inferred of negligence or liability. This being true, it is perfectly plain that the original declaration was based upon this statute of Mississippi and not upon the common law nor the federal Employers' Liability Act. The original declaration is purely a suit to enforce an unusual and exceptional right in derogation of the common law given by this statute. The amendment stated facts for which a cause of action is given either under the common law or the federal Employers' Liability Act, whichever law governs. By this amendment there was therefore a change from the Mississippi statute in derogation of the common law to the federal Employers' Liability Act. This is a change or departure from law to law, and therefore the second count states a different cause of action. *U. P. Railroad Co.* v. *Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, is directly in point and determinative of this question. In that case the converse of the question here presented was before the supreme court of the United States. The court there said:

"A suit based upon a cause of action alleged to result from the general law of master and servant was not a suit to enforce an exceptional right given by the law of Kan-

sas.  If the charge of incompetency in the first petition was not *per se* a charge of negligence on the part of the fellow servant, then the averment of negligence apart from incompetency was a departure from fact to fact, and, therefore, a new cause of action.  Be this as it may. as the first petition proceeded under the general law of master and servant, and the second petition asserted a right to recover in derogation of that law, in consequence of the Kansas statute, it was a departure from law to law."

In the case of *Railway Co.* v. *Wulf,* 226 U. S. 570, 33 Sup. Ct. 135, 226 L. Ed. 355, Ann. Cas. 1914B, 134, there was a change in form only of the plaintiff, viz. from her individual to her representative capacity.  All the facts which gave rise to the cause of action were stated in detail in the original declaration.  The court there held that the amendment related back to the filing of the original declaration and therein differentiates the facts in that case and those in the *Wyler case, supra.*

In the instant case, however, the declaration stated no facts whatever relating to the injury and would have been subject to demurrer if drawn under the federal Employers' Liability Act.  For this reason it was not merely a chance in form but a very vital change in substance. · In the *Wulf case, supra,* it is said:

"That, aside from the capacity in which the plaintiff assumed to bring her action, there is no substantial difference between the original and amended petitions.  In the former, as in the latter, it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; that this death resulted from the negligence of the company and by reason of defects in one of its locomotive engines due to its negligence."

The original declaration drawn under this *prima-facie* statute, if governed by the Mississippi law, would permit the plaintiff to prove the injury and rest his cause, whereupon the defendant would have to show all of the facts relating to the injury and that it was not guilty of any negligence which caused it.

Under the federal Employers' Liability Act in the first instance the declaration must specifically aver the negligence of the defendant and the plaintiff must prove that negligence. A most substantial difference both in pleading, presumptions, and proof.

In the case of *N. O. & N. E. R. Co.* v. *Harris,* 247 U. S. 367, 38 Sup. Ct. 535, 62 L. Ed. 1167, it was held that in suits of this character negligence is an affirmative fact which plaintiff must establish and that the question of the burden of proof is a matter of substance and not subject to control by the laws of the several states. Therefore in a suit under this act the Mississippi statute cannot be invoked either to aid the pleading or the proof.

In the case of *Brown* v. *Southern Railway,* 115 Miss. 493, 76 So. 525, the facts giving rise to the cause of action were fully stated in the declaration. The only change was one of form, viz. a striking out of the word "intrastate" and inserting therein "interstate," making the declaration, instead of reading that they were engaged in intrastate commerce, read that it was interstate commerce. In the Broom case the amendment, like that in the Wulf case, was in form only. The correctness of the decision of this court in the Broom case is shown by the decision of the supreme court of the United States in the case of *New York Cent. R. Co.* v. *Kinney,* 260 U. S. 340, 43 Sup. Ct. 122, 67 L. Ed. —, decided December 4, 1922.

The judgment of the lower court is affirmed.

*Affirmed.*