ORLEANS DREDGING CO. *v.* FRAZIE.

(Division A. March 22, 1937. Suggestion of Error Overruled May 5, 1937.)

[173 So. 431. No. 32495.]

Brandon & Brandon, of Natchez, for appellant.

Engle & Laub and Whittington & Brown, all of Natchez, and Watkins & Eager, of Jackson, for appellee.

196

Argued orally by **Gerard Brandon**, for appellant, and by **W. H. Watkins** and **S. B. Laub**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from the chancery court of Adams county to settle the principles of the case.

The appellee is a citizen of the State of Louisiana, and the appellant is a corporation chartered by that state. The appellee was employed in Louisiana by the appellant as a second mate on a dredge boat owned and operated by the appellant, and while at work thereon, engaged in cutting a new channel for the Mississippi river in Adams county, Miss., he was injured. He sued the appellant for this injury in the circuit court of Adams county, alleging a cause of action under the United States Seamen's Act, sections 688, 713, title 46 U. S. C. A., and procured a judgment therefor. On appeal to this court this judgment was reversed, the court holding that

the appellee had no cause of action under that statute, but intimating that the appellee might have a cause of action under the Louisiana Workmen's Compensation Law (Act No. 20 of 1914, as amended). Orleans Dredging Co. v. Frazie, 173 Miss. 882, 161 So. 699. On the return of the case to the circuit court, the appellee amended his declaration by adding two counts thereto, one based on liability at common law, and the other on the Louisiana Workmen's Compensation Law. On motion of the appellant the case was then transferred by the circuit court to the chancery court of Adams county, wherein the appellee reformed his pleading so as to conform to the chancery court rules therefor by filing a bill of complaint setting forth his claimed causes of action under the United States Seamen's Act, the common law, and the Louisiana Workmen's Compensation Law; each cause of action being set forth in the bill of complaint by separate paragraphs.

The appellant answered this bill of complaint, including therein general and special demurrers, exceptions, and special pleas, which were set down for hearing before the consideration of the merits of the case, and the appeal is from a decree overruling them.

The questions thus presented are: (1) The right of the appellee to join his three alleged, and said by the appellant to be conflicting, causes of action in one bill of complaint; and (2) whether the appellee can recover on any of his asserted causes of action. It will not be necessary for us to decide the first of these questions, for we have arrived at the conclusion that the appellee cannot recover on any of the alleged causes of action.

On the former appeal, as hereinbefore stated, this court held that the appellee has no cause of action under the United States Seamen's Act. While it is true that that decision is not within the law of the case rule, for the reason that as to federal questions this court is an intermediate and not a final court of appeal, neverthe-

less we are not prepared to say that the former decision is not correct, and therefore we will abide thereby.

It is clear from the bill of complaint that the appellee's cause of action, if not controlled by the United States Seamen's Act, arose under and is controlled by the Louisiana Workmen's Compensation Law, and therefore he has no cause of action under the common law.

Section 31 of the Louisiana Workmen's Compensation Law (Act No. 20 of 1914, as amended by Act No. 29 of 1934) provides: "That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

After the appellee was injured the appellant made him payments therefor, which we will assume were made under the provisions of the Louisiana statute, but more than a year had elapsed after the cessation of these payments, and therefore, of course, after the appellee sustained his injury, before the appellee's declaration in the circuit court was amended so as to bring his complaint within the Louisiana Workmen's Compensation Law. This amendment did not merely extend the allegations of the declaration by setting forth new incidental facts pertinent thereto but "changed the original picture" portrayed therein, and for the first time brought into the case an entirely new and different cause of action, the ground of, and the recovery on, which are entirely different from those of the original declaration. The one-year limitation in the Louisiana Workmen's Compensation Law therefore controls, and the appellee's cause of action thereunder is barred. This

is in accord with our past decisions, particularly with Illinois Cent. R. R. Co. v. Wales, 171 So. 536.

Reversed and remanded.