McKESSON & ROBBINS, INC. *v.* COKER.

No. 39439        January 17, 1955        77 So. 2d 302

*Michael H. Lawless, James R. Davis,* Columbia, for appellant.

*Hall & Callender,* Columbia, for appellee.

KYLE, J.

This case is before us on appeal by McKesson & Robbins, Incorporated, plaintiff in the court below, from a judgment of the Circuit Court of Marion County rendered in favor of William R. Coker, the defendant, sustaining the defendant's plea of the statute of limitations, Section 729, Code of 1942, in bar of the plaintiff's action.

The record shows that the declaration in this cause was filed in the Circuit Court of Oktibbeha County on May 6, 1953. The plaintiff alleged in its declaration that on June 5, 1950, and for sometime prior thereto, the defendant was a member of the partnership composed of William R. Coker and G. C. Smith, doing business as the C. & S. Pharmacy, located in Plateau, Mobile County, Alabama; that during the operation of the said partnership the C. & S. Pharmacy had become indebted to the plaintiff in the sum of $1,266.59, which was due and owing by the said C. & S. Pharmacy to the plaintiff

on June 5, 1950, and that there had been paid on said account the total sum of $743.21, which payments had been made by the said G. C. Smith, leaving a balance due on said account in the sum of $523.38. A so-called copy of the account was attached to the declaration and made a part thereof. The plaintiff demanded judgment against the defendant for the sum of $523.38 and all costs expended. The copy of the account attached to the declaration showed:

"McKESSON & ROBBINS
INCORPORATED

P. O. Drawer 1569 Mobile 9, Ala.
(Seal)
C. & S. PHARMACY
Turner & Telegraph Roads . May 4, 1953
Plateau, Alabama

| | | |
|---|---|---|
| Balance June 2, 1950 | | $1266.59 |
| Less Payments by Grover C. Smith | | |
| June 29, 1951 | $50.00 | |
| June 3, 1952 | 693.21 | 743.21 |
| Balance | | $523.38" |

The copy of the account as shown above was certified and sworn to by the assistant secretary of the plaintiff corporation.

After the summons had been issued and served upon the defendant, the defendant filed a motion to have the cause transferred to Marion County, which was the county in which the defendant resided. The motion was sustained, and the cause was transferred to the Circuit Court of Marion County. On June 11, 1953, the court entered an order granting leave to the plaintiff to amend its declaration and allowing thirty days from the last day of the June term of the court for the filing of such amendment. On July 13, 1953, the plaintiff filed its

amendment to the declaration, which consisted of a sworn itemized statement of the account with copies of the original invoices of merchandise sold and delivered to the C. & S. Pharmacy during the period from May 10, 1950, to June 2, 1950. The defendant filed a demurrer to the amended declaration, which the court overruled. On November 15, 1953, the defendant filed his answer to the amended declaration, and ten days later the defendant filed an amended answer.

In his amended answer the defendant admitted that as of June 5, 1950, and prior thereto he was a member of the partnership firm of C. & S. Pharmacy; but the defendant denied that during the operation of the partnership the C. & S. Pharmacy became indebted to the plaintiff in the sum of $1,266.57, or that said sum was due and owing to the plaintiff at the termination of the partnership on June 5, 1950, or that the defendant was indebted to the plaintiff in the sum of $523.38 or any part thereof. The defendant also denied that the account attached to the amended declaration was a true and correct account, or that the copies of invoices constituted a sworn itemized statement of the account. The defendant averred in his amended answer that the partnership was dissolved on June 5, 1950, and that he had conveyed his interest in the partnership assets to George C. Smith and his wife, Mrs. Eva M. Smith, and that they had agreed to assume, pay and discharge any and all debts and obligations of the partnership, that the plaintiff had actual notice of said dissolution and the assumption of the debts and obligations of the partnership by Grover C. Smith and Mrs. Eva M. Smith, and had agreed to look only to them for payment of its account, and that the new partnership had fully paid the indebtedness referred to in the plaintiff's declaration.

The defendant also averred in his answer that the plaintiff's alleged cause of action was barred by the three-year statute of limitations, Section 729, Code of

1942, in that the plaintiff's action was not effectually commenced until July 13, 1953, when the plaintiff filed its amended declaration by making a part of the declaration a sworn statement of the account in the form of copies of the original invoices of merchandise alleged to have been shipped to the partnership, and that at the time of the filing of the amendment to the declaration all of the items forming a part of the alleged account were barred by the three-year statute of limitations; that the original declaration did not state any cause of action against the defendant, and the filing of same on May 6, 1953, did not arrest the running of the statute of limitations upon the alleged open account.

The defendant filed with his amended answer a motion for a separate hearing on his plea of the statute of limitations, as provided for in Section 1, Chapter 230, Laws of Mississippi 1948. A separate hearing on the motion was granted, and at the conclusion of the hearing the court sustained the defendant's plea of the statute of limitations and dismissed with prejudice the plaintiff's action.

From that judgment the plaintiff prosecutes this appeal.

Only one point is argued by the appellant's attorneys as ground for reversal on this appeal, and that is that the court erred in holding that the plaintiff's cause of action was barred by the statute of limitations, Section 729, Code of 1942.

We think that the court erred in sustaining the plea of the statute of limitations and in dismissing with prejudice the plaintiff's action.

The amendment to the declaration introduced no new cause of action, and the amendment made no new demands or substantial change in the plaintiff's cause of action. The filing of the itemized statement of account, in the form of copies of the invoices of the merchandise sold and delivered, constituted no more than a compliance with the requirements of Section 1469, Code of

1942, which provides that, "There shall be annexed to or filed with the declaration in every case founded on an open account, a copy of the account or bill of particulars of the demand." The matters set up in the amendment constituted only a bill of particulars. The action was still an action on open account to recover a sum due and owing to the plaintiff by the C. & S. Pharmacy. The amount sought to be recovered was still the sum of $523.38, and the basis of the defendant's alleged liability was the same under the amended declaration as under the declaration as originally filed.

The amendment was properly allowed. E. Bloom v. McGrath & Compton (1876), 53 Miss. 249. And the amendment should have been regarded as a continuation of the original suit with respect to the tolling of the statute of limitations. The amendment related back to the commencement of the action. "An amendment of a declaration, petition, or complaint which sets up no new cause of action or claim and makes no new demand relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point; and this rule applies although the limitation is by contract rather than by statute." 54 C. J. S., p. 327, Limitations of Action, par. 280 a.

In Yazoo & Mississippi Valley Railroad Co. v. Rivers, 93 Miss. 557, 46 So. 705, the Court held that the causes of action stated in an original and in an amended declaration for slander were the same, and the statute of limitations did not run against the plaintiff after the beginning of the suit.

In the case of Broom v. Southern Ry. in Mississippi, 115 Miss. 493, 76 So. 525, the Court held that where a wife, as administratrix of the estate of her deceased husband, brought suit for his death within the two years allowed under the Federal Employer's Liability Act, and her declaration, though stating a cause of action under the state laws, did not bring her case under the operation

of the Federal act, an amendment of the declaration to bring the case within the Federal Employer's Liability Act (Act of Cong., April 22, 1908, C. 149, 35 Stat. at L. 65, U. S. Comp. St. 1916, Secs. 8657-8665), by alleging that the injury resulting in the death of plaintiff's intestate occurred while the parties were engaged in interstate commerce, instead of intrastate commerce, did not constitute a new cause of action, and such amendment was properly allowed.

The Court in its opinion in that case said:

"The allegations contained in the original declaration did not support a cause of action under the federal law, but the amendment is not inconsistent with the purpose and relief originally sought by the declaration. It appears, therefore, that the amendment did not constitute a new cause of action, inconsistent with that set forth in the original declaration. The amendment was properly allowed by the lower court. It was not the beginning of a new action; but the suit should be treated as having been commenced at the time of the filing of the original declaration, which was done within the two years allowed in such cases."

The appellee cites in his brief in support of his contention that the filing of the original declaration did not arrest the running of the statute of limitations the cases of Clark v. Gulf, M. & N. R. Co., 132 Miss. 627, 97 So. 185; Illinois Central R. Co. et al. v. Wales, 177 Miss. 875, 171 So. 536, and Orleans Dredging Co. v. Frazie, 179 Miss. 188, 173 So. 431. But the question presented in each of those cases was wholly unlike the question presented in this case.

In the Clark case the amendment to the original declaration changed the plaintiff's cause of action from an action for damages against the railroad company for personal injuries under Section 1985, Code of 1906, to an action for damages under the Federal Employer's

Liability Act. In the Wales case, the plaintiff recovered a judgment against the railroad company in an action for slander. On appeal this Court held that the statement set out in the original declaration as the basis of the plaintiff's action was privileged and that the declaration failed to state a cause of action for slander; and that the amendment filed more than one year after the cause of action accrued introduced a new cause of action. In the Orleans Dredging Company case the plaintiff's original cause of action was based upon the United States Seamen's Act, Section 688, 713, Title 46, U. S. C. A. This Court held on appeal that the plaintiff had no cause of action under that statute. On return of the case to the circuit court the plaintiff amended his declaration by adding two counts thereto, one based on liability at common law, and the other on the Louisiana Workmen's Compensation Law. The Court held on the second appeal that the amendment alleging a cause of action based on the Louisiana Workmen's Compensation Law stated an entirely different cause of action, and that the cause of action was barred by the Louisiana one-year statute of limitations.

It may be readily conceded that the plaintiff's original declaration in the case that we have here was defective in that there should have been attached to the declaration an itemized statement of the account. But this was no bar to the plaintiff's right to recover, if timely application were made for leave to amend, and such timely application was made to amend. Although the original declaration may have been defective, the defects were removed by the amendment and the amendment was not inconsistent with the purpose and relief originally sought. The amendments introduced no new cause of action; and the plea of the statute of limitations should have been overruled.

For the reasons stated above, the judgment of the lower court is reversed, and the cause is remanded for

further proceedings not inconsistent with the views hereinabove stated.

Reversed and remanded.

*McGehee, C. J.,* and *Roberds, Lee* and *Holmes, JJ.,* concur.