YAZOO MANUFACTURING COMPANY, et al. *v.* SCHAFFER

No. 43648 November 15, 1965 179 So. 2d 784

36

*Lipscomb, Barksdale & Steen,* Jackson, for appellants.

*Binder, Bush & Selph, Pyles & Tucker,* Jackson, for appellee.

RODGERS, J.

This is a workmen's compensation claim. The attorney-referee and a majority of the members of the Commission determined that the claim filed by the workman on March 20, 1961, and later amended on October 31, 1962, was barred by the statute of limitations set out in the Workmen's Compensation law, both as to the one-year statute, Mississippi Code Annotated section 6998-27 (1952), and the two-year statute, Mississippi Code Annotated section 6998-18 (1952). The claim was dismissed by the attorney-referee upon the motion of appellee; no testimony was introduced. An appeal to the circuit court (First Judicial District of Hinds County, Mississippi) was taken by the appellants, the circuit judge reversed the order of the Commission and remanded the case.

The following facts are gleaned from the pleadings. The appellee-workman filed his claim (Forms B-5, B-11) with the Workmen's Compensation Commission on March 20, 1961, seeking compensation for an injury said to have occurred on January 15, 1960. The record shows, however, that after the injury, the employer filed a final settlement report (Commission Form B-31) on February 18, 1960. This report was signed by the appellee-workman showing receipt of compensation for the temporary total disability, including medical benefits and drug expenses.

Thus it is apparent that at the time (March 20, 1961) the appellee filed his claim for an injury which is said to have occurred on January 15, 1960, the appellee had made settlement for this claim. Thereafter, however, on May 1, 1962, appellee-workman obtained an order permitting him to amend his claim of March 20, 1961. The

amendment was not immediately filed by the workman, and on August 10, 1962, the appellants filed a motion to dismiss appellee's claim. Whereupon, the workman filed an amendment to the March 20, 1961 claim setting out additional facts wherein appellee then claimed that he was originally injured as the result of his work on February 17, 1959, for which he was paid compensation, and thereafter, returned to work March 2, 1959. On January 15, 1960, appellee-workman again suffered an injury to his back and was referred to the company doctor. After having received medical treatment, he returned to work on January 25, 1960. At that time the insurance carrier paid appellee benefits for two days' compensation. The appellee returned to work on January 25, 1960, but he alleged: "Claimant's back continued to pain him and he suffered continuous trauma to his injured back." He complained daily, although he continued to work. In the last of April or the first of May 1960, the complainant suffered another injury. Appellee is said to have reported this injury to his superior and was sent to Dr. Gillespie. No settlement was made with the appellee by appellants nor was a settlement reported for this treatment, although claimant did not work from Tuesday to Monday. During this time appellee was receiving medical treatment. On Monday, appellee attempted to work, but the condition of his back grew worse. Appellee asked his foreman for additional medical treatment, but his foreman then "laid him off", and he has not since been called back to work.

It is argued by appellee that since the record shows that Dr. Gillespie was paid by the carrier for treating claimant after January 29, 1960, and since the employer and carrier did not file a statement, Form B-31 of the Commission, showing payment *of the additional medical benefits* after the filing of Form B-31 dated February 18, 1960, appellee received no notice of settlement and was entitled to file Forms B-5 and B-11 for the additional

claim. It is then contended that the claim of March 20, 1961, and the amendment of October 31, 1962, were filed within the time allowed for reopening the previous settlement award.

In the case of Shainberg's Black & White Store v. Prothro, 238 Miss. 444, 118 So. 2d 862 (1960), we held that where an employee was sent to a doctor — after his claim for injury had been closed by a signed settlement, Form B-31, for a reoccurrence of a sprain and contusion of the knee, for which medical benefits were reported on an unsigned Form B-31 — the claim was not barred by the one-year statute of limitation during that period in which the case could be reopened. Miss. Code Anno. § 6998-27 (1952). The reason is that before the review statute, *supra,* begins to run against the employee, the employer must have complied with the provisions of Mississippi Code Annotated section 6998-19 (g) (1952). This section of the Code not only requires that notice be given to the Commission that a final payment has been made, but also expressly states: "But no case shall be closed nor any penalty assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard." Miss. Code Anno. § 6998-19 (g) (1952).

A resume of cases in which we have held that medical benefits authorized within the one-year allowance for reopening of compensation cases are set out in Turnage v. Lally's Swimming Pool Co., 247 Miss. 713, 159 So. 2d 84 (1963).

In the case of International Paper Co. v. Evans, 244 Miss. 49, 140 So. 2d 271 (1962), the employee refused to sign the Form B-31, and thereafter claimant filed Form B-11 for additional medical benefits. We held that the one-year review statute, Mississippi Code Annotated section 6998-19 (g) (1952), did not begin to run against the employee until he received notice by letter on January 5, 1959, and since the employee filed

his application for review within nine months from that date, the one-year limitation of jurisdiction did not bar the filing of the workmen's compensation claim.

■■ ■ The workman in this case signed a settlement for the January 15, 1960, injury which was filed with the Commission on February 18, 1960. The claim for his injury filed by the employee on March 20, 1961, was obviously signed more than one year after the filing of Form B-31 by the employer. The appellee-workman contends he had no notice of the filing of this form with the Commission as is required by Mississippi Code Annotated section 6998-19 (g) (1952).

In the case of Moody v. Dedeaux, 223 Miss. 832, 844, 79 So. 2d 225, 229 (1955), we said:

"Although the Form B-31 'Final Report and Settlement Receipt', which was signed by appellee while still a minor, does not constitute a contractually binding release of appellants, we think that it does constitute notice to appellee that he was then receiving his final payment of compensation, as required by Section 6998-19 (g). An appellee had an opportunity within the period permitted by the statute of limitations to obtain a hearing on whether he was entitled to additional compensation."

In the case of Shainberg's Black & White Store v. Prothro, *supra,* we referred to the filing of Form B-31 in the previous case, Moody, *supra,* and said: "The Form B-31 was signed by the appellee Dedeaux, and was full notice to appellee." 238 Miss. at 448, 118 So. 2d at 864.

In the instant case, we must conclude from the foregoing authorities that the workman had notice that the employer was claiming that the payments set out in Form B-31 signed by him were final payments; therefore, the filing of the signed form by the appellee complied with the requirement of Mississippi Code Annotat-

ed section 6998-19 (g) (1952) insofar as the injury (set out in Form B-31) of January 15, 1960, is concerned.

██ ■ Nevertheless, the workman contends that after the injury of January 15, 1960, sometime in the latter part of April or the first of May 1960, he received another injury (which was a reoccurrence of the previous injury) and that he received medical benefits from the employer as the result of this injury. Thus, it is claimed that since the workman filed Form B-11 on March 20, 1961, he was within the one-year statutory period during which time an application could be made to reopen the award, because he received no notice of settlement of his May first injury. The March 20, 1961, claim would have been a question of fact as to an injury occurring the first of May 1960, but the claim of March 20, 1961 was originally filed for the January 15, 1960 injury and not for benefits occurring thereafter. Later, on October 31, 1962, the workman amended his claim, filed March 20, 1961, so as to include the alleged medical benefits as a payment growing out of the May 1, 1960 injury.

We are thus brought to the question of whether or not a workman can amend a claim for previous injuries so as to establish a claim for an injury occurring thereafter, when both injuries occurred more than one year before the amendment.

We said in Moody v. Dedeaux, 223 Miss. 832, 840, 79 So. 2d 225, 227 (1955), that: "Commission power to review voluntary payments of compensation is limited by the above quoted statute of limitations, Code Section 6998-27, to a period of one year after the date of the last payment of compensation." It was asserted by the claimant that the original claim and payments of compensation were not closed in the manner required by Mississippi Code Annotated section 6998-19 (g) (1952). In answer to this, however, we said:

"Appellee asserts that it was necessary for the Commission to hold a formal hearing before closing the

case, but we cannot agree. The above cited statute must be read along with Section 6998-27, which provides that the one-year period runs from the date of the last payment of compensation, 'whether or not a compensation order has been issued.' The Form B-31 was full notice to appellee that the case was considered closed by appellants.'' 223 Miss. at 844, 79 So. 2d at 229.

Applying the principle set out in the above cases, we conclude that the final settlement, Form B-31, by the appellant-employer on February 18, 1960, put the one-year statute of limitation into operation so that the jurisdiction of the Commission to reopen the claim would have abated one year thereafter, except for the fact (we assume, since it was asserted in the Workmen's Compensation Form B-11, as amended October 31, 1962, and no proof was taken by the trier of fact) that the employer voluntarily furnished workman-appellee medical benefits to May 1960. No claim for this injury was actually filed until more than two years after the final medical benefits were furnished for injury said to have occurred on the first of May 1960.

The appellee-workman, however, asserts that the amendment of October 31, 1962, setting out the alleged injury of the first of May 1960, should relate back to March 20, 1961, the date when he filed Form B-11, the claim for the January 15, 1960 injury, so that the claim filed by amendment on October 31, 1962, should be considered as if it had been filed March 20, 1961, so as to toll both the one-year and the two-year statutes of limitations.

The pertinent part of Mississippi Code Annotated section 6998-28 (1952) is as follows:

''(a) In making an investigation or inquiry or conducting a hearing, the commission shall not be bound by common law or statutory rules of evidence or by technical or formal rules or procedure, except as pro-

vided by this act, but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties. . . .''

Does this statute give a workman a right to amend a claim, Forms B-5 and B-11, in such a manner as to bring a claim for an additional injury growing out of the accident for which claim was originally made?

The general rule on this subject may be found in 54 C. J. S. *Limitation of Actions* section 279 (a) (1948) at page 320, as follows:

''The amendment of a complaint does not necessarily amount to a commencement of a new action with respect to the running of the statute of limitations, and a proper amendment will toll the statute of limitations from the date that suit was instituted. While the right to amend a pleading, and statutes providing therefor, do not permit a court, under color of ordering an amendment, to abrogate the statute of limitations, nevertheless much latitude of amendment is properly allowed to save a cause, if possible, from the bar of limitations, especially where there is reasonable ground for holding the amendment to be only an amplification and expansion of the cause of action; and the fact that an amendment would protect a party from the operation of the statute of limitations, instead of being a reason against allowing the amendment, rather favors it.''

The textwriter points out, however, in section 280 that the amendment must not be a new cause of action in the following words:

''a. An amendment of a declaration, petition, or complaint which sets up no new cause of action or claim and makes no new demand relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point; and this rule applies although the limita-

tion is by contract rather than by statute." 54 C. J. S. at 327, 328.

The textwriter continues in paragraph "b." at pages 328-330, as follows:

"An amendment which is merely a perfected statement of the original cause of action relates back to the time of the commencement of the original action. Thus, where the original declaration states a cause of action, but does it imperfectly, and afterward an amended declaration is filed, correcting the defect, the plea of the statute of limitations will relate to the time of filing the original declaration, provided, however, the new pleading is an amendment and not an independent proceeding. A new suit is not instituted, and the statute will not avail for the period between the original and amended pleadings where plaintiff by amendment sets up no new matter or claim, but merely restates the same cause of action more correctly and specifically or more clearly and concisely. An amendment relates back where it merely expands or amplifies what is already alleged in support of the action, or states additional facts to strengthen the right of recovery on the original cause of action, or sets out further in detail the consequence arising from the cause of action; and especially is this true where the case made on the trial would have been provable to the same extent had the amendment not been filed." 54 C. J. S. at 328-330.

The case of Orleans Dredging Company v. Frazie, 179 Miss. 188, 173 So. 431 (1937), is a case where the appellee filed suit based upon the United States Seamen's Act, and after this Court held on one appeal that the Seamens' Act would not apply to the cause of action then before the Court, the case was remanded, and upon return to the trial court the appellee amended his declaration to add two counts, one for liability under the common law, and another claim for liability under the

Louisiana Workmen's Compensation law. This Court said:

"After the appellee was injured the appellant made him payments therefor, which we will assume were made under the provisions of the Louisiana statute, but more than a year had elapsed after the cessation of these payments, and therefore, of course, after the appellee sustained his injury, before the appellee's declaration in the circuit court was amended so as to bring his complaint within the Louisiana Workmen's Compensation Law. This amendment did not merely extend the allegations of the declaration by setting forth new incidental facts pertinent thereto but 'changed the original picture' portrayed therein, and for the first time brought into the case an entirely new and different cause of action, the ground of, and the recovery on, which are entirely different from those of the original declaration. The one-year limitation in the Louisiana Workmen's Compensation Law therefore controls, and the appellee's cause of action thereunder is barred." 179 Miss. at 199, 173 So. at 432.

In the recent case of McKesson & Robbins, Inc. v. Coker, 222 Miss. 774, 77 So. 2d 302 (1955), where a wholesale drug company brought suit against a partnership drug store to recover for drugs sold to the partnership without attaching thereto an itemized account, and thereafter filed an amendment which consisted of a sworn itemized statement of the account, with copies of the original invoice of merchandise, this Court held that the three-year statute of limitations which ran after the filing of the declaration and prior to the amendment would not apply because

"the amendment should have been regarded as a continuation of the original suit with respect to the tolling of the statute of limitations. The amendment related back to the commencement of the action. 'An amendment of a declaration, petition, or complaint which

sets up no new cause of action or claim and makes no new demand relates back to the commencement of the action, . . .' '' quoting from 54 C.J.S., *Limitations of Actions,* § 280a, p. 327. 222 Miss. at 779, 77 So. 2d at 304.

It is obvious, therefore, from the foregoing authorities that the question as to whether or not the amendment relates back to the date when appellee's original claim was filed, depends on whether or not the amendment makes a new cause of action, and in the case at bar that is a question of fact for the determination of the Workmen's Compensation Commission.

This case resolves itself into the question of whether or not the alleged injury of the last of April or the first of May was a new injury or a reoccurring injury, growing out of the original injury, of which the employer had notice; because if the amendment of October 31, 1962, was simply an amplification of the original Form B-11 filed March 20, 1961, and not a new injury for which a new claim was made, it will relate back to the filing on March 20, 1961, and will toll the one-year statute of limitations within which a claim may be reopened.

In the case of Thyer Manufacturing Company v. Keys, 235 Miss. 229, 108 So. 2d 876 (1959), relied upon by the appellants in this case as a bar to the present action under the two-year statute of limitations, Mississippi Code Annotated section 6998-18 (1952), this Court pointed out that:

"It was for the determination of the commission, as the trier of facts, to determine the issue as to whether or not the claimant, as a reasonable man, should have recognized the nature, seriousness and *probable* compensable character of his injury." 235 Miss. at 230, 108 So. 2d at 879.

We held in the case of Martin v. L. & A. Contracting Company, 249 Miss. 441, 162 So. 2d 870, 872 (1964) that:

*"First.* The two-year limitation comes into effect only upon two conditions: (1) if no payment of compensation (other than medical treatment or burial expense) is made; and (2) if no application for benefits has been filed with the commission within two years from the date of injury or death."

We also said:

"This is in accord with the analogous rule that payments of wages toll the limitation statute, if they were made on account of a recognition of compensation liability." 162 So. 2d 873.

It is pointed out by the textwriter in 100 C.J.S. *Workmen's Compensation* section 440 (1958) at page 311 that:

"Under some statutes the period in which proceedings must be brought is extended where the employee suffers a new and further disability by reason of the original injury. Where the original injury immediately causes a permanent physical disability, the subsequent discovery of its permanency does not constitute such a new and further disability as will extend the time for the commencement of proceedings, although, when there is a change in the condition of the original injury from a temporary to a permanent disability, a new and further disability is established within the terms of this provision. The provision extending the time for proceeding in the case of a 'further disability' has no application where no proceeding has been instituted within the required time for the original injury. . . .

"Before an employee may institute proceedings to recover for a new and further disability arising from the original injury, the employee must have been furnished benefits under the act. A medical treatment is such benefit; and first aid treatment. . . ."

Thus, the question, did the claimant make an application for benefits filed within the statutory period of

two years from the date of the alleged injury, said to have occurred the first of May 1960, is answered only by the determination of whether or not the amendment of October 31, 1962, relates back to the claim filed March 20, 1961, and this in turn depends on whether or not the May first injury was a new injury or a further disability for a previous injury for which medical benefits were alleged to have been voluntarily paid within the one-year period during which the former award could have been reopened ''on the ground of a change in condition or because of a mistake in a determination of fact.'' Miss. Code Anno. § 6998-27 (1952). If the appellee-workman had an additional disability growing out of the injury for which medical benefits were furnished and of which the appellant-employer had notice, the one-year statute did not begin to run until the employer had filed its report, Form B-31, for the additional benefits paid for the further disability occurring May 1960. In short, if the May first injury were a new injury, the two-year statute of limitations, Mississippi Code Annotated section 6998-18 (1952), is applicable, and the appellee-workman's right to file claim has lapsed. On the other hand, if it is not a new claim, the two-year statute does not apply because the ''application for benefits (would have been) filed with the Commission within two years from the date of the injury. . . .'' Miss. Code Anno. § 6998-18 (a) (1952). In that event, the original claim could not have been closed by the Commission ''without notice to all parties interested and without giving to all such parties an opportunity to be heard.'' Miss. Code Anno. §6998-19 (g). The answer to this question requires proof, and is an issue of fact to be determined by the Commission.

 We have heretofore pointed out that it is the best policy for administrative agencies who are triers of fact, acting in *quasi* judicial capacity, to hear the facts and make a determination from a finding of facts.

In most cases, as here, time is lost and additional expense is incurred by dismissing proceedings without making a full determination of the issues involved. Scott Builders, Inc. v. Dependent of Layton, 244 Miss. 641, 145 So. 2d 165 (1962).

 When the Workmen's Compensation Commission dismisses a claim and proceeding without taking testimony, we shall assume that the claimant could prove all facts set out in his claim. 100 C. J. S., *Workmen's Compensation* § 422 (1958).

The judgment of the circuit court reversing this case and remanding it to the Workmen's Compensation Commission for determination of fact will therefore be affirmed, and the case will be remanded to the Commission for determination of facts.

Affirmed and case remanded to the Workmen's Compensation Commission for further proceedings.

*Lee, C. J., and Brady, Patterson and Inzer, JJ.,* concur.