ISHEE, J.,
 

 for the Court.
 

 ¶ 1. The Circuit Court of Calhoun County entered an order granting summary judgment in favor of Pontotoc Electric Power Association (Pontotoc Electric). The circuit court dismissed the claims of Ervin Funderburg, Nancy Funderburg, and Pam Burt, individually; Ervin, Nancy, and Pam, collectively, d/b/a Corner Closet, Inc.; Corner Closet, Inc., a dissolved corporation; and Ervin, Nancy, and Pam, collectively, d/b/a C.C. Blouses for the following reasons: (1) Corner Closet, was a dissolved corporation; (2) Ervin admitted to having no interest in the property at issue; and (3) the remaining plaintiffs were barred by the statute of limitations. Aggrieved, the Appellants appeal. They assert the following points of error:
 

 I. The filing of the first complaint should have tolled the statute of limitations for Corner Closet, Inc.
 

 II. The filing of a suit in the name of a dissolved corporation, which has continued to act as a family-run business, should have been treated as a filing on behalf of the business as a partnership.
 

 Finding no error with the circuit court’s grant of summary judgment, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. This case began on June 14, 2002, when Ervin filed a complaint in the circuit court alleging that on March 2, 2002, employees of Pontotoc Electric entered onto his property located in Calhoun City, Mississippi without his permission and negligently dumped oil and gas onto the property. The complaint was given cause number C2002-082. On January 27, 2004, the circuit court entered an order dismissing the case as stale “for the reason that no step [had] been taken to prosecute or pursue this action for over one year.... ” Thereafter, Ervin filed a motion to reinstate his case, which the circuit court
 
 *441
 
 granted. He also filed a motion to amend his complaint to substitute plaintiffs, replacing himself with Corner Closet.
 

 ¶ 3. After Corner Closet filed its amended complaint naming itself as plaintiff, Pontotoc Electric filed a motion to dismiss the case because Corner Closet did not exist. As pointed out by Pontotoc Electric, Corner Closet ceased to exist as a corporation after October 8, 1993, when the Mississippi Secretary of State’s Office dissolved the corporation. Since that time, Corner Closet had not sought reinstatement as a corporation. Pontotoc Electric concluded that Corner Closet, was a legal non-entity; therefore, it had no power to bring suit as a corporation. The circuit court agreed, finding that Corner Closet, lacked the power to bring the lawsuit; therefore, it had not stated a claim upon which relief could be granted. On October 26, 2005, the circuit court dismissed Corner Closet’s case without prejudice.
 

 ¶ 4. Following the dismissal, a second complaint was filed in cause number C2005-178, alleging trespass and negligence on the part of Pontotoc Electric. Filed on December 2, 2005, the second complaint listed the plaintiffs as Ervin, Nancy, and Pam, individually; Ervin, Nancy, and Pam, collectively, d/b/a Corner Closet; Corner Closet, a dissolved corporation; and Ervin, Nancy, and Pam, collectively, d/b/a C.C. Blouses. Pontotoc Electric again responded with a motion to dismiss or, in the alternative, for summary judgment. This time, the motion alleged that the plaintiffs’ claims were barred by the statute of limitations. The circuit court agreed, noting once again that Corner Closet could not be a plaintiff because it was a dissolved corporation. The circuit court found that Ervin was not a proper plaintiff because he admitted to having no interest in the damaged property. Regarding the remaining plaintiffs, the circuit court found that their claims were barred by the expiration of the statute of limitations because they filed their claims more than three years after the date of the alleged incident.
 

 ¶ 5. The circuit court granted the Appellants an additional twenty days during which to file an appeal. Thereafter, the Appellants timely filed the present appeal.
 

 STANDARD OF REVIEW
 

 ¶ 6. The granting of a motion for summary judgment is a matter of law; therefore, this Court employs a de novo standard of review regarding such a matter.
 
 Ralph Walker, Inc. v. Gallagher,
 
 926 So.2d 890, 893(¶ 4) (Miss.2006).
 

 DISCUSSION
 

 ¶ 7. The Appellants put forth two arguments as to why their claim should not be barred because of the expiration of the statute of limitations. The Appellants argue that the circuit court should have treated the complaint filed by Corner Closet as a claim filed by the partnership and allowed the claim to proceed. They also argue that filing the first claim tolled the statute of limitations on behalf of Corner Closet.
 

 I. Whether a lawsuit filed on behalf of a dissolved corporation should have been treated as a suit on behalf of the business as a partnership.
 

 ¶ 8. First, the Appellants argue that the circuit court should have treated the case as having been filed on behalf of the partnership even though the named plaintiff was Corner Closet. This issue relates to an order of dismissal without prejudice entered by the circuit court on October 26, 2005. The order dismissed the complaint of Corner Closet, finding that it had no power to sue because it had
 
 *442
 
 been dissolved as a corporation since 1993. The Appellants cite no law in support of their argument. Instead, they rely on a public policy argument, arguing that this Court should deem a suit filed on behalf of a dissolved corporation to be filed on behalf of a partnership.
 

 ¶ 9. We first note that a party’s “failure to cite any authority in support of a claim of error precludes this Court from considering the specific claim on appeal.”
 
 Grenada Living Ctr., L.L.C. v. Coleman,
 
 961 So.2d 38, 37(¶ 14) (Miss.2007). Therefore, in the present case, the Appellants’ failure to cite any authority in support of their argument bars this Court from reviewing this issue. Nevertheless, this issue has some bearing on the Appellants’ second issue; therefore, we will address the merits of the issue.
 

 ¶ 10. A corporation is granted the statutory power “[t]o sue and be sued, complain and defend in its corporate name” under Mississippi Code Annotated section 79-4-3.02(1) (Rev.2001). However, the power of a corporation to file a lawsuit in its corporate name expires if the corporation is suspended.
 
 Bryant Constr. Co. v. Cook Constr. Co.,
 
 518 So.2d 625, 631 (Miss.1987). In
 
 Bryant,
 
 the supreme court stated that “[a] corporation has the power to sue in the corporate name only insofar as the state grants that power.”
 
 Id.
 
 “When the corporation is suspended, it loses all rights ‘acquired by the form of the organization.’ ”
 
 Id.
 
 (quoting Miss.Code Ann. § 27-13-27 (1972)).
 

 ¶ 11. Rule 17(a) of the Mississippi Rules of Civil Procedure requires that a claim be filed on behalf of the real parties in interest. Corner Closet could not be such a real party in interest because it had been dissolved more than eight year's before the alleged incident took place. The Appellants admit that Corner Closet was not functioning as a corporation at the time of the alleged incident. Accordingly, the suit could not go forward with Corner Closet as the named plaintiff.
 

 ¶ 12. The issue then was whether it was proper for the circuit court to dismiss the case or whether the court should have treated the complaint as having been filed by the Appellants’ partnership. In addition to requiring a suit to be filed in the name of the real party in interest, Rule 17(a) provides the following: “No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest....”
 
 See also Tolbert v. Southgate Timber Co.,
 
 943 So.2d 90, 93(¶ 10) (Miss.Ct.App.2006).
 

 ¶ 13. In the present case, the Appellants were given such an opportunity to substitute the real party in interest. The first claim initially listed Ervin as the plaintiff. Upon finding that he had no ownership interest in the damaged items, Ervin amended the claim to name Corner Closet as the plaintiff, notwithstanding the fact that the corporation had been dissolved since 1993.
 

 ¶ 14. We find nothing in the record to indicate that Corner Closet attempted to substitute the correct plaintiffs following Pontotoc Electric’s motion for summary judgment. The only record of such was a memorandum in support of Pontotoc Electric’s motion for summary judgment in the second case. In the memorandum, Ponto-toc Electric mentioned that Corner Closet was attempting to substitute Ervin as a plaintiff again despite the fact that he admitted that he had no ownership interest in the land or the allegedly damaged property.
 

 
 *443
 
 ¶ 15. Ultimately, we find that this issue is barred from our review because the Appellants failed to cite any authority in support of their argument. Furthermore, for the purposes of the Appellants’ second issue, we find that this issue is without merit.
 

 II. Whether the filing of the first complaint tolled the statute of limitations for Corner Closet.
 

 ¶ 16. Whereas the Appellants did not cite any authority in support of the first issue, they did cite one case in support of the second issue. The Appellants argue that the timely filing of a complaint acts to toll the statute of limitations while that suit is pending, and they cite
 
 Norman v. Bucklew,
 
 684 So.2d 1246, 1256 (Miss.1996) in support of that proposition.
 

 ¶ 17.
 
 Norman
 
 is distinguishable from the present issue.
 
 Narman
 
 involved a plaintiff who filed a claim in federal court, asserting various claims having both original and supplemental federal jurisdiction.
 
 Id.
 
 at 1248. When the district court dismissed the federal claims, finding them to be without merit, the court also dismissed the supplemental state claims without prejudice.
 
 Id.
 
 at 1249. After Norman filed his state-law claims in circuit court, the court dismissed them as being barred by collateral estoppel and by the statute of limitations.
 
 Id.
 
 at 1250. On appeal, the supreme court found that the statutes of limitations on Norman’s state-law claims were tolled during the pendency of his federal litigation.
 
 Id.
 
 at 1256.
 

 ¶ 18. The present set of facts present a much different scenario than the one the supreme court addressed in
 
 Norman.
 
 This case began with Ervin initially filing a claim. After reopening the case, which had been dismissed as stale, Ervin admitted that he had no ownership interest in the land or damaged property and that he was not the proper plaintiff. Accordingly, the circuit court allowed Ervin to substitute Corner Closet as the plaintiff. When Corner Closet’s complaint was dismissed, the Appellants filed the present suit. Unfortunately, they filed suit beyond the three-year statute of limitations.
 

 ¶ 19. Of course, a statute of limitations is tolled during any period of time for which a party is enjoined from filing a complaint.
 
 See
 
 Miss.Code Ann. § 15-1-57 (Rev.2003). However, in this case, aside from Corner Closet, none of the other Appellants were a party to the initial lawsuit. From the date of the incident until the expiration of the three-year statute of limitations, the other Appellants were free to file their own claim or to join in the claim erroneously filed on behalf of Corner Closet. For example, an applicable statute of limitations is not tolled while another related suit is pending on appeal.
 
 Townsend v. Estate of Gilbert,
 
 616 So.2d 333, 336 (Miss.1993). The Appellants were not parties to the suit that they argue should have tolled the statute of limitations; therefore, we see no reason why the statute of limitations should have been tolled for them.
 

 ¶ 20. Rule 15(c) of the Mississippi Rules of Civil Procedure provides for circumstances in which an amended pleading may relate back to the original pleading and, therefore, avoid being barred by the expiration of the statute of limitations. However, the Appellants receive no reprieve from this rule because they did not amend their complaint. Instead, they filed an entirely new complaint, which included new parties that never had filed a complaint against Pontotoc Electric prior to the expiration of the statute of limitations.
 

 ¶ 21. The supreme court has held “that an amendment substituting a plaintiff relates back to the date of the original complaint under Mississippi Rule of Civil Procedure 15(e) if the new plaintiff is the real
 
 *444
 
 party in interest.”
 
 MS Comp Choice, SIF v. Clark, Scott & Streetman,
 
 981 So.2d 955, 962(¶ 22) (Miss.2008);
 
 see also Yazoo Mfg. Co. v. Schaffer,
 
 254 Miss. 35, 47, 179 So.2d 784, 790 (1965) (finding that whether or not
 
 an
 
 amended coinplaint relates back to the date of the original complaint depends on whether the amended complaint states a new cause of action). However, as we have stated, the present case is distinguishable because it involved an entirely new complaint, not an amended complaint.
 

 ¶ 22. Having failed to take any action until December 2, 2005, more than three years from the alleged incident on March 2, 2002, we find no error with the circuit court’s determination that the Appellants’ claims were barred by the expiration of the statute of limitations.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ROBERTS AND CARLTON, JJ., CONCUR. BARNES AND MAXWELL, JJ., NOT PARTICIPATING.